MOSES M. VALENTINE, Appellant, *v.* LOUIS H. PERLMAN, Respondent.

First Department, April 30, 1926.

Judgments — action to recover on alleged agreement to procure another to furnish funds to prosecute patent litigation — one cause of action only alleged — order made on defendant's motion directed judgment on all issues except amount of advance and directed judgment for one-half per cent thereof — said order not authorized by Civil Practice Act, § 476 — purpose of said section stated — judgment entered on said order must be reversed — error to compel plaintiff to accept defendant's offer of fifty dollars.

In an action to recover on an alleged agreement to pay for procuring another to furnish funds to prosecute patent litigation, in which one cause of action only is stated, it was error for the court to order a judgment in favor of the defendant on all the issues except as to the amount of the money advanced and to direct that, when that amount was determined, judgment be entered for one-half per cent thereof, for section 476 of the Civil Practice Act does not authorize the entry of judgment on particular issues arising in one cause of action.

The purpose of that section is to provide for severance and judgment for part of a claim which cannot be contested in good faith, the action to proceed to trial on the contested part of the cause of action. It is not intended to authorize an order, the effect of which would be to put the action into a chaotic condition by dismissing selected issues found in the pleadings and directing the trial to proceed as to a part of the cause of action designated as the remaining issues, although all of the issues set forth in the pleading constitute but one cause of action and are essential thereto.

The order not having been authorized, the judgment entered thereon and in compliance therewith in favor of the defendant must be reversed.

It was error for the court to require the plaintiff to accept defendant's offer of judgment for fifty dollars.

APPEAL by the plaintiff, Moses M. Valentine, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 11th day of November, 1924, upon the verdict of a jury rendered by direction of the court, with notice of intention to bring up for review a resettled intermediate order entered in said clerk's office on the 20th day of December, 1924, limiting the issues and denying the plaintiff leave to amend his complaint.

*Morrison & Schiff* [*Alfred R. Page* of counsel], for the appellant.

*David L. Podell* [*David L. Podell* of counsel; *Herman Shulman* and *Benjamin Algase* with him on the brief], for the respondent.

MARTIN, J. The intermediate order brought up for review is wholly unauthorized. It has resulted in a judgment of fifty dollars for the plaintiff, from which he appeals. The practice resorted to was due to a misconception of the meaning and effect of certain provisions of the Civil Practice Act.

This action was brought to recover, pursuant to an alleged special contract, $250,000 or five per cent of the amount realized on certain patents, for procuring one Rosenberg to furnish funds to prosecute patent litigation. The answer set up that under section 380 of the General Business Law, known as chapter 25 of the Laws of 1909, the plaintiff was not entitled to more than one-half of one per cent on the amount of the loan ascertained to have been secured.

After issue was joined and upon demand, the plaintiff served a bill of particulars which indicated that Rosenberg advanced a total of over $10,000. The plaintiff thereafter sought to amend his complaint by setting forth an entirely different agreement. The relief requested was denied at Special Term, and on the appeal therefrom the order was affirmed. (209 App. Div. 856.)

Subsequently, on June 11, 1924, the defendant served a notice of motion for an order directing " that judgment be entered herein in favor of defendant as to all issues raised by the pleadings, except as to the issue referred to in paragraph Sixth of plaintiff's bill of particulars, to wit, the exact amount of funds advanced by said Leopold B. Rosenberg to the defendant and the total amount so advanced; and that said order further provide, upon the determination of said issue and the amount, if any, so advanced, that the Court direct that the plaintiff have judgment against this defendant to the extent of one-half of one per cent ($\frac{1}{2}$%) of the amount so determined."

The plaintiff at this time again moved for permission to serve an amended complaint. It appears that upon this motion and for the first time, a copy of the agreement which the defendant entered into with Rosenberg was produced; and this agreement conclusively shows that there was no agreement by Rosenberg to make a loan, but that it was agreed (1) the defendant was to assign the patent for demountable rims to a corporation; (2) Rosenberg was to contribute the sum of $10,000 to the treasury of the corporation as a fund to be used for defraying the cost of litigation, and for the purpose of determining and testing the validity of the patent; (3)

which sum was to be contributed at such times and in such amounts as might be required; (4–5) the interest of Rosenberg in the corporation was to be fifteen per cent of the total stock if his contribution be less than $5,000, and twenty per cent if over $5,000 and not more than $10,000; and (6) if the amount required exceeded $10,000 for the patent litigation, then Rosenberg and the defendant each should contribute funds in proportion to their stock holdings.

The motion to dismiss the complaint as to all the issues except those alleged to be made by paragraph 6 of the bill of particulars was granted, and an order made which is in part as follows: " Upon the foregoing papers, this motion is granted dismissing the complaint as to all issues raised by the pleadings, except as to the issues referred to in paragraph 6th of the plaintiff's bill of particulars. The motion for leave to amend the complaint being practically identical with the motion previously denied at Special Term, which denial was affirmed by the Appellate Division, the present motion for leave to amend is also denied."

When the case was brought on for trial, the justice presiding evidently considering himself bound by the above order, refused to permit anything to be litigated except the so-called issue indicated by the 6th paragraph of the bill of particulars, holding that the other issues raised by the pleadings had been dismissed as indicated by the entry of the order.

It is sought to sustain this practice as authorized by section 476 of the Civil Practice Act which provides that judgment may be rendered by the court in favor of any party or parties and against any party or parties at any stage of an action or appeal if warranted by the pleadings or by admissions, and that a judgment may be rendered by the court as to a part of a cause of action and the action proceed as to the remaining issues as justice may require. The purpose of this section was to provide for severance and judgment for a part of a claim which cannot be contested in good faith, the action to proceed to trial on the contested part of the cause of action. It was not intended to authorize an order such as defendant obtained, the effect of which would be, and in this case has been, to put the action into a chaotic condition by dismissing selected issues found in the pleadings and directing the trial to proceed as to a part of the cause of action designated as the remaining issues, although all of the issues set forth but one cause of action and are essential thereto.

In the case of *Bush* v. *Murray* (209 App. Div. 563, 569) this court said: " Part of a complaint may not be attacked for insufficiency as a cause of action unless a separate cause of action is claimed by the pleader to be set forth. Since there is but one cause, a part

may not be so attacked. A part of a cause of action may not be singled out and dismissed on the ground that that part fails to state facts sufficient to constitute a cause of action. (*Hollingsworth* v. *Spectator Co., No. 1,* 53 App. Div. 291; *Toplitz* v. *Toplitz,* 54 id. 630; *Fliess* v. *Hoy,* 150 id. 555.) Either the complaint as a whole states a cause of action or it does not." The case of *Koppel Industrial C. & E. Co.* v. *Portalis & Co., Ltd.* (205 App. Div. 144, 145), relied upon by respondent, held that when one of several causes of action alleged in a complaint is dismissed for insufficiency, it is not necessary to immediately enter judgment thereon, but the determination may rest upon the order until final judgment, as to the remaining issues.

To the same effect is *American Union Line* v. *Oriental Navigation Corp.* (209 App. Div. 260, 264; revd. on another ground, 239 N. Y. 207).

In the case now here for review the trial justice in granting judgment attempted to carry out the provisions of the order. That order being unauthorized, the judgment based thereon must be reversed.

It was also error to require plaintiff to accept defendant's offer of judgment for fifty dollars. The complaint should have been dismissed, leaving plaintiff free to protect his rights either by commencing a new action or by appealing from the judgment so entered.

The order entered herein as resettled on December 20, 1924, should be modified by striking out the provision dismissing the complaint except as to certain issues, and by denying defendant's motion for judgment on the pleadings; and the judgment should be reversed, with costs, and the case restored to the calendar for a new trial.

DOWLING, MERRELL, FINCH and McAVOY, JJ., concur.

Order brought up for review modified by striking out the words " this motion is granted dismissing the complaint as to all issues raised by the pleadings, except as to the issues referred to in paragraph 6th of the plaintiff's bill of particulars," and by denying defendant's motion for judgment on the pleadings, and as so modified affirmed. Judgment reversed, with costs and case restored to calendar for a new trial.