MARIE C. LOWE, Respondent, *v.* HENRY W. LOWE et al.,
Appellants.

(Argued May 22, 1934; decided July 3, 1934.)

*Martin W. Littleton* and *Andrew E. Stewart* for appellants.

*Jeremiah T. Mahoney* and *John A. Bell, Jr.*, for respondent.

LEHMAN, J. The plaintiff has brought an action for a declaratory judgment that the plaintiff is the lawful wife of the defendant Henry W. Lowe; that a decree of divorce made without jurisdiction in the State of Nevada is void and that the defendants are not husband and wife. In an action for a declaratory judgment " further or consequen-

tial relief " may be claimed. (Rules Civ. Prac. rule 211; Civ. Prac. Act, § 473.) The plaintiff in this action asks as " further or consequential relief " an injunction restraining the defendants from holding themselves out as husband and wife, and restraining the defendant Kathleen Dunning from using the name of Mrs. Lowe and from seeking or using rights or courtesies in any club as the wife of the defendant Lowe.

The defendants moved to dismiss the complaint under rule 112 of the Rules of Civil Practice. Upon the argument of the motion their attorney stated that the defendants admitted that the Nevada decree is void and that the plaintiff is entitled to a declaratory judgment as prayed for in the complaint. After that admission the motion proceeded, without objection, as an attack upon the plaintiff's cause of action for injunctive relief. To that extent the motion to dismiss the complaint must be deemed to have been amended or limited by consent. At Special Term the motion was denied on the ground that " whether plaintiff is entitled to the further and consequential relief which she demands cannot be determined on a motion of this nature." The Appellate Division by a divided court affirmed the order of Special Term, but granted permission to appeal upon certified questions.

The admitted allegations of the complaint that the Nevada decree of divorce was granted by a court which was without jurisdiction; that thereafter the defendants in the State of Nevada went through a marriage ceremony before a clergyman; and that they are living together and holding themselves out as husband and wife, are sufficient to constitute a cause of action for a judgment which will declare and establish the plaintiff's " rights and other legal relations." Such a judgment would not carry with it as a legal consequence a right to injunctive relief. In order to establish a right to injunctive relief, the plaintiff must allege and prove in addition that the defendants

are infringing upon marital or other rights of the plaintiff which a court of equity will protect by injunctive decree. (*Baumann* v. *Baumann*, 250 N. Y. 382.)

The decree of divorce granted without jurisdiction in Nevada is here entirely void and without legal consequences. It was merely a step in the consummation of an alleged conspiracy by the defendants to hold themselves out as husband and wife, and thus cause the world to believe that the plaintiff was no longer the wife of the defendant Lowe. It did not itself deprive the plaintiff of any right or cause any injury. Because it gave color of right to an open claim that the plaintiff was no longer the lawful wife of Lowe, it furnishes a ground for the invocation of the court's power to declare the plaintiff's rights to the legal relation of the parties, in order to preclude possible controversy hereafter. (Cf. *Baumann* v. *Baumann*, *supra*; *Somberg* v. *Somberg*, 263 N. Y. 1.) Such a declaration destroys even the color of right of the defendants to hold themselves out as husband and wife, but itself furnishes no ground for further relief by injunction to operate in the future. The injury which the plaintiff seeks to prevent in the future by further relief in the nature of an injunction is the injury that may be caused by continuance of the defendants' conduct of holding themselves out as husband and wife. All the allegations of the complaint except the admitted allegations of the colorable decree of divorce, the subsequent marriage ceremony of the defendants and their open assertion that their relations are lawful, are relevant only to plaintiff's claim for injunctive relief.

These additional allegations furnish no ground for the invocation of the general equitable power of the court to grant an injunction which was not present in the case of *Baumann* v. *Baumann* (*supra*), and *Somberg* v. *Somberg* (*supra*). In those cases the court decided that no injunction might issue. The decision in those cases is applicable here and precludes the court from granting any relief

other than a declaratory judgment. Though the members of this court who joined in a vigorous dissent from the previous decision of the court still adhere to their views, they agree that such decision must now be regarded as binding. The sole question which remains is whether the court upon a motion made in accordance with section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice may dismiss that part of the complaint directed toward injunctive relief.

Section 476 provides that " judgment may be rendered by the court as to a *part of a cause of action* and the action proceed as to the remaining issues, as justice may require." That does not mean that where all the allegations of a pleading are directed towards the establishment of a single cause, and the relief asked is appropriate to such cause of action, a motion may be granted for a judgment which merely adjudicates selected issues, and leaves adjudication of whether a cause of action is established and appropriate relief should be granted, until the determination of the remaining issues. (Cf. *Valentine* v. *Perlman*, 216 App. Div. 548.) There can be no resort to the courts except for the purpose of obtaining some form of relief, and issues which are irrelevant to a cause of action for relief may be disregarded. A judgment must carry with it legal consequences. It must grant or deny relief. The Civil Practice Act should not be so construed as to authorize a judgment upon a " part of a cause of action " where the part is an incomplete fragment of an entire claim which cannot be thus divided without mutilation.

Here we are told by the appellant that the allegations of the complaint which are intended to establish a right to injunctive relief constitute a separate cause of action. The tests usually applied in determining whether a complaint contains separate causes of action might lead to such conclusion. An action for a declaratory judgment is, however, a creature of the statute. Claim for " further

or consequential relief " may be made therein. Perhaps in such case new tests should be applied in order that the new form of action should not be cumbered with outworn technicalities. No useful purpose would be served here by a consideration of whether a claim for " further "· relief which is properly interposed in an action for a declaratory judgment constitutes technically a separate cause of action. Section 476 of the Civil Practice Act requires no such technical test. It expressly authorizes a judgment upon a " *part* of a cause of action." The only test that can be applied without thwarting the legislative intent is a practical test. Is it possible to divide the claims or cause of action so that an effective judgment can be rendered as to part, without mutilation of the whole?

Judged by that test, it is clear that a judgment dismissing that part of the complaint which makes claim for injunctive relief may be granted where the complaint contains no allegations which would entitle the plaintiff to such relief, especially where the right to a declaratory judgment is established by the pleadings or by admissions made for the purpose of permitting the entry of appropriate judgment. A judgment which dismisses that " part of a cause of action " which claims injunctive relief constitutes a complete adjudication of a separate part of the complaint. The cause of action for a declaratory judgment remains complete and no cause of action for other relief has been effectively pleaded.

The order should be reversed, without costs, and the motion granted. The second question certified should be answered in the affirmative and the other question not answered.

POUND, Ch. J., CRANE, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Order reversed, etc.