MORRIS TANENBAUM, Appellant, v. ABRAHAM HERZFELD, Also Known as ABE HERZFELD, and ANNIE HERZFELD, Respondents, and MANUFACTURERS TRUST COMPANY, Defendant.— Judgment dismissing the complaint on the merits in an action to declare moneys on deposit to belong to a judgment debtor and to direct payment thereof on account of plaintiff's judgment reversed on the law and the facts, with costs, and judgment directed for the plaintiff, with costs, declaring the money on deposit in the name of defendant Annie Herzfeld to be the property of defendant Abraham Herzfeld and directing that the sum remaining be paid over by the defendants to the sheriff of Kings county to be applied on account of the plaintiff's judgment. We are of opinion that the condemnation award turned over by Henrietta Herzfeld to defendant Annie Herzfeld was a transfer for the benefit of defendant Abraham Herzfeld, and that the account in question in the name of defendant Annie Herzfeld was actually that of defendant Abraham Herzfeld. The moneys so transferred and deposited in this account belonged to him. However, immediately upon the institution of this action and notice of application for a temporary injunction, the account was withdrawn with the exception of twenty-six cents, evidently overlooked. While the amount remaining in the account is trivial, it is sufficient on which to predicate a judgment in favor of the plaintiff and against the defendants. Findings and conclusions inconsistent herewith are reversed and new findings and conclusions will be made. Young, Hagarty, Carswell and Johnston, JJ., concur; Lazansky, P. J., not voting. Settle order on notice.

DOMINICK TREPASSO, as Administrator, etc., of JOSEPH TREPASSO, Deceased, and ANGELO SCIUBBA, as Administrator, etc., of MAURO SCIUBBA, Deceased, Appellants, v. MAPLE GROVE CEMETERY ASSOCIATION, INC., and THE CITY OF NEW YORK, Respondents.— In an action to recover for deaths by drowning in a pool on land of which neither of the defendants was the owner, judgment dismissing the complaint on the merits unanimously affirmed, with costs. No opinion. Present — Young, Hagarty, Davis and Johnston, JJ.; Lazansky, P. J., not voting.

DONALD B. TYSON, Appellant, v. ALFRED H. SMITH Co., INC., and Others, Respondents.— Order modified by striking out the provisions limiting the issues to be determined on the new trial, and, as so modified, unanimously affirmed, without costs. On the trial the court granted defendants' motion to dismiss the complaint as to any cause of action prior to October 1, 1931, denied the motion to dismiss as to the balance of the claim, and submitted to the jury the question of the reasonable value of the services performed after October 1, 1931. The court erred in dismissing the complaint in part, and the error was perpetuated by the limitation contained in the order. Instead of dismissing the complaint as to the issues prior to October first, the court should have instructed the jury that no recovery could be had for that period. A part of a cause of action may not be dismissed where that part is an incomplete fragment of the entire claim. (*Lowe* v. *Lowe*, 265 N. Y. 197, 202.) The appeal from the order denying resettlement of the order setting aside the verdict is dismissed as unnecessary. Present — Young, Hagarty, Carswell and Johnston, JJ.; Lazansky, P. J., not voting.