(May 5, 1939.)

Louis S. Goldstein, for Himself and All Other Stockholders Similarly Situated, Respondent, *v.* Tri-Continental Corporation and Others, Defendants, Impleaded with Earle Bailie, Henry C. Breck, Alexander I. Henderson, John C. Jay, Cyril J. C. Quinn, Francis F. Randolph, Walter Seligman, Robert V. White, 54 Wall Street Corporation, David H. McAlpin, Carl W. Painter, John R. Simpson, Albert H. Wiggin, Walter Seligman, as Executor, etc., of Henry Seligman, Deceased, John Francis Strauss, Jr., Earle Bailie and Robert T. Swaine, as Executors, etc., of Frederick Strauss, Deceased, and Walter Seligman and Douglas M. Moffat, as Executors, etc., of Jefferson Seligman, Deceased, Appellants.

Order affirmed, with twenty dollars costs and disbursements, with leave to the defendants-appellants to answer within twenty days after service of a copy of the order with notice of entry thereof, upon payment of said costs. No opinion.

Present — Martin, P. J., Glennon, Untermyer, Cohn and Callahan, JJ.; Callahan, J., dissents in an opinion in which Untermyer, J., concurs.

CALLAHAN, J. (dissenting). I dissent and vote to modify the order appealed from, so as to grant the motion as to the following items contained in the notice of motion:

Item (2) relating to the second cause of action;

Item (2) relating to the fourth cause of action; and item (1) relating to the sixth cause of action.

The item relating to the second cause of action should have been granted because no wrong is asserted in that cause of action as to those directors serving in a dual capacity in so far as they acted for the best interests of Selected Securities, Inc. (*Continental Ins. Co.* v. *N. Y., N. H. & H. R. R. Co.*, 187 N. Y. 225.)

The items relating to the fourth and sixth causes of action should have been granted because the matter attacked related to damages suffered by Tri-Continental Corporation. All such claims for damages were barred by the six-year Statute of Limitations. (*Potter* v. *Walker*, 276 N. Y. 15.) Assuming that either the fourth or sixth causes of action might be said to set forth facts to constitute a cause of action for an accounting as to unlawfully obtained profits by the directors, such a cause of action would not include claims for damages sustained by the corporation because of negligent acts or misconduct of its directors. No accounting is necessary to recover damages sustained. The outlawed claims of Tri-Continental Corporation for damages may be dismissed without mutilation of the claims for an accounting. (Civ. Prac. Act, § 470; *Lowe* v. *Lowe*, 265 N. Y. 197.) As so modified the order appealed from should be affirmed.

Untermyer, J., concurs.