RAE SPITZER, Plaintiff, v. DAVID SPITZER et al., Defendants.

Supreme Court, Special Term, Kings County, December 15, 1947.

Solomon Goodman for defendants.

Frederick E. Klein for plaintiff.

FROESSEL, J. In an action brought by plaintiff wife against her husband and the woman with whom he is living for a judgment declaring her (plaintiff) to be the lawful wife, and enjoining the defendants from holding themselves out as husband and wife, the defendants move to dismiss the complaint for legal insufficiency.

A wife may, of course, bring an action against her husband to declare the nullity of a judgment of divorce rendered against her in an action outside of the State of New York in which she did not appear, and to declare her still to be the lawful wife of the defendant. (Lowe v. Lowe, 265 N. Y. 197.) She is not, however,

entitled to any injunctive relief merely to restrain the husband and his alleged paramour from holding themselves out as husband and wife. (*Baumann* v. *Baumann*, 250 N. Y. 382; *Lowe* v. *Lowe, supra.*)

The complaint here challenged is so loosely drawn and so devoid of factual allegations required in a proper pleading, that even the language of the statute (Civ. Prac. Act, § 275) that " Pleadings must be liberally construed with a view to substantial justice between the parties " does not aid the plaintiff in this case. In one allegation she states that no court of competent jurisdiction has by any decree dissolved her marriage with her husband, and in another it is alleged that the defendants " claim and allege to friends and acquaintances of plaintiff " that he, defendant husband, has been divorced from the plaintiff; that he is no longer her husband, and that, on the contrary, his codefendant is· his present lawful wife. Nowhere in the complaint is there any unequivocal, concise and definite allegation alleged, even on information and belief, that the defendant has obtained a divorce outside this State against the plaintiff; that he was not genuinely domiciled in such other jurisdiction; that plaintiff was not personally served with process in that State nor had appeared therein by an attorney or otherwise. Instead, there are argumentative, indirect and equivocal statements which may, if properly pleaded, be the basis for an action for a separation under subdivision 5 of section 1161 of the Civil Practice Act (see *Hofmann* v. *Hofmann,* 232 N. Y. 215), or an action for a divorce upon the ground of adultery. As presently pleaded, there is no justiciable controversy between the parties as to the validity or nullity of any particular judgment of divorce appropriate for a declaration of status. Unless there is, the plaintiff must be relegated to the usual forms of action for judicial separation or for divorce upon appropriate allegations of misconduct.

The motion is accordingly granted, but since plaintiff may be able to plead appropriate allegations, as required by section 241 of the Civil Practice Act, warranting relief by way of a declaratory judgment, leave to plead over within twenty days is granted.

Settle order on notice.