Bergah, J.
The complaint alleges a cause of action for meat products sold and delivered between the 4th and 7th days of August, 1942, according to a schedule which shows a balance due of $609.04. The answer admits the sales according to the schedule, but alleges (par. 4), that the balance shown by the schedule represents charges made in excess of the applicable Office of Price Administration ceiling price paid plaintiff by the defendants for goods sold and delivered from and after June 5, 1942.
A bill of particulars in respect of this defense was furnished by defendants showing that the overcharges claimed were all on beef and covered items from June 5th to August 7th, inclusive. The total of these alleged overcharges thus specified was $609.04. The schedule in the complaint shows some other items than beef. The only overcharges alleged to have been made on the items sued for in this action were the items of beef sold between August 4th and 7th, the periods specified in the complaint.
The overcharges on these items, as specified, was $99.92. The rest of the overcharges claimed, therefore, $509.12, do not arise from any of the items upon which plaintiff sues, and if they are allowable they must be treated as being pleaded in the nature of a set-off or counterclaim. Upon the trial the court granted plaintiff’s motion to dismiss “ the set-off or counterclaim ” and granted judgment, removing the case from consideration of the jury.
In an action brought for the sale of goods regulated by the provisions of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 et seq.) charges in excess of the fair prices fixed in pursuance of the statute is a defense. It is not only a defense to the overcharges involved in the transaction sued upon, but is a complete defense to the cause of action pleaded. The burden is upon the plaintiff to show that the prices he charges, and upon which the action is based, are in accordance with the Federal statute and regulations, when a defense of noncompliance is asserted. (International Spangles Corp. v. Marrow Mfg. Corp., 294 N. Y. 295; Toll v. Friedman, 272 App. Div. 587; cf. Carmine v. Murphy, 285 N. Y. 413.)
The general invalidity of the subject of the action is not the pleaded theory of defense. The theory, as pleaded, is the right to set off overcharges on other transactions not sued upon as well as the overcharges in the subject of the complaint. We must deal with the pleaded theory of defense as we find it.
*242 When defendants attempt to set off claims not involved in the complaint they would usually be under the necessity of showing as to those claims that they could maintain a separate cause of action against the plaintiff. A good discussion of this subject appears in Otto v. Lincoln Sav. Bank of Brooklyn (268 App. Div. 400).
A set-off or counterclaim cannot be asserted if a statute, such as the Statute of Limitations, has run against it. There is no doubt that the statute and the decisions under it would not allow defendants on the state of the facts here presented, to sue the plaintiff independently for the overcharges for two reasons: (1) the defendants being dealers and not consumers could prosecute such a claim only through an action to be maintained by the Price Administrator within one year. (Emergency Price Control Act of 1942, § 205, subd. [e]; U. S. Code, tit. 50, Appendix, § 925, subd. [e].) The rule thus set up has been enforced in New York where a dealer sues to recover overcharges and penalties (Lightbody v. Russell, 293 N. Y. 492); (2) The overpayment by defendants would put them, as well as the plaintiffs, in a position of having no enforcible remedy in respect of an illegal contract. (Marrow Mfg. Corp. v. Eitinger, 296 N. Y. 760, and the two Marrow cases decided with it at pp. 762 and 764; cf. Edsil Trading Corp. v. Minder & Sons, Inc., 297 N. Y. 313.)
It therefore appears that the set-off claimed for transactions prior to those sued upon is not assertible by defendants since it could not become the subject of an independent action. An illustration of this rule is in Toll v. Friedman (195 Misc. 258). There the parties were dealers. Plaintiffs sued for services and goods sold and delivered. Defendant asserted an “ affirmative defense and counterclaim ” that the prices charged were over the ceilings established by the Office of Price Administration. It was held upon the authority of Lightbody v. Russell (supra) that insofar as the defendant sought to plead a counterclaim it was not good since it was not pleaded that defendant had made purchases “ other than in the course of trade or business ”, whereas the pleading was good as a defense to the cause of action under the Marrow cases (supra). The counterclaim “ as a counterclaim ’ ’ was stricken, but the defense was allowed to stand “ as a defense ” (p. 260). When the case was later tried, the Appellate Division held that the defense was good (272 App. Div. 587, supra).
*243 As the pleadings stand now plaintiff sues for $609.04 for goods sold and delivered from August 4th to August 14th; defendants plead overcharges to the extent of $609.04, but as pleaded only $99.92 of the overcharges claimed are applicable to the plaintiff’s cause of action. As to $509.12 the defense as pleaded is not good; as to $99.92, the defense is good if the amounts charged were in fact excessive under the regulations.
It is a question for a jury to determine whether the charges were in fact in excess of the ceilings, and to determine what the ceiling was for this kind of beef and whether it was the same kind of beef sold in March, 1942, or, as plaintiff claims, a different kind. Where this kind of defense is raised, the burden of showing the price was within the regulations is with plaintiff. (Toll v. Friedman, 272 App. Div. 587, supra.)
A practical solution might seem to be to modify the judgment by affirming so much of it as grants plaintiff judgment for $509.12 and remitting the balance for a trial of the remaining issues before a jury. But the “ cause ” of action is a unitary one and cannot be split up this way, as the Appellate Division, Second Department, was very recently advised in Luotto v. Field (294 N. Y. 460) and as the Appellate Division, Fourth Department, was advised in Manko v. City of Buffalo (294 N. Y. 109).
The principle has now become well settled that section 476 of the Civil Practice Act does not admit a division of a cause of action for the purpose of entry of judgment on part of it. (Valentine v. Perlman, 216 App. Div. 548.) Cases where a division of the causes pleaded may be made, like Lowe v. Lowe (265 N. Y. 197) and Kane v. Walsh (295 N. Y. 198) do not apply here. It is proper where one of several causes of action is dismissed to withhold entry of judgment until the determination of the other causes (Koppel Industrial C. & E. Co. v. Portalis & Co., 205 App. Div. 144).
The judgment should be reversed and a new trial ordered, with a direction that plaintiff will be entitled to a directed verdict under the present pleadings for $509.12, with the right of recovery of the balance of $99.92 to be submitted to a jury.
Fosteb, P. J., Hefferhah, Bbewsteb and Sahtey, JJ., concur.
Judgment reversed on the law and a new trial ordered, with a direction that plaintiff is entitled to a directed verdict under the present pleadings as to $509.12, with the right of recovery of the balance of $99.92 to be submitted to a jury, with costs on appeal to the appellants.