JULIA CHESNY, Plaintiff, *v.* HEINZ H. CHESNY, Defendant.

Supreme Court, Special Term, Nassau County, January 6, 1950.

*Charles M. Siegfried* for defendant.

*Baer & Marks* for plaintiff.

DALY, J. Motion by defendant for an order dismissing, for legal insufficiency, both of the causes of action stated in the second amended complaint; or, in the alternative, that plaintiff be required to state and number separately the causes of action alleged as the first cause of action, and that the court, in its discretion, decline to entertain jurisdiction of the second. For the purposes of this motion, the facts alleged in the complaint must be deemed to be true.

On January 26, 1927, plaintiff and defendant were married in California, the previous domicile of each. After their marriage, they continued to reside in California, and plaintiff still resides there. In June, 1943, defendant abandoned the plaintiff and his son, the issue of this marriage. On June 3, 1949, plaintiff obtained a decree of separation from defendant in the Supreme Court of the State of New York, based on his abandonment of her in California in June, 1943. After the

entry of said decree, defendant, without notice to the plaintiff and without establishing a bona fide domicile there, secured from the courts of the Republic of Mexico, a decree purporting to divorce him from the plaintiff. Defendant now resides at Sands Point, Nassau County, New York, with a woman whom he represents to be his wife, but to whom he has never been married validly.

Under the laws of California, where the parties hereto were married and cohabited as husband and wife, the property acquired by either or both of them after their marriage, with certain exceptions not here material, became community property (Civil Code of Cal., §§ 687, 164). California law further provides that upon the dissolution of a marriage, the community property shall be divided equally between the parties unless the decree dissolving the marriage is rendered on the ground of adultery, incurable insanity or extreme cruelty, in which case the court may divide the community property in such proportions as it deems just (Civil Code of Cal., § 146).

When a spouse has any cause of action sufficient to justify a divorce under California law, the innocent party may, without applying for divorce, maintain an action against the other for permanent support and maintenance (Civil Code of Cal., § 137). In such action the court, in granting permanent support and maintenance " * * * shall make the same disposition of the community property and of the homestead, if any, as would have been made if the marriage had been dissolved by the decree of a court of competent jurisdiction." (Civil Code of Cal., § 137.) " Wilful desertion " is a cause for divorce in California (Civil Code of Cal., § 92, subd. 3).

After the marriage of plaintiff and defendant, the defendant earned and accumulated a substantial amount of property, which, under the laws of California, became community property. Some of this he removed to New York, where he has purchased two parcels of land (at Sands Point, Nassau County) for $9,500, and has spent in excess of $20,000 in the improvement of said land. In addition, he still retains personal property in excess of $100,000. Plaintiff claims to be entitled to one half of this community property, and in her first cause of action seeks an accounting from the defendant.

Defendant argues that the first cause of action is insufficient because the remedy lies outside the scope of the judicial relief provided in this State. There is no merit to this argument. Our courts have held that statutes of other States can be enforced in

New York unless their provisions conflict with the public policy of New York, or unless the remedies prescribed thereby are incapable of adaptation to the forms of our procedure (*Wikoff* v. *Hirschel*, 258 N. Y. 28, 30). Community property laws are in no way repugnant to the public policy of New York. It is common knowledge that many of our citizens avail themselves of the privilege of considering their income as community property for tax purposes under our Federal income tax law. The remedy sought by plaintiff, an accounting, is one well known to our form of law. Indeed, insofar as this action involves real property located in this State, it must, according to the law of both California and New York, be brought in this State (*Taylor* v. *Taylor*, 192 Cal. 71; *Tiedemann* v. *Tiedemann*, 172 App. Div. 819, affd. 225 N. Y. 709, writ of error dismissed, 251 U. S. 536).

Defendant further contends that plaintiff has not brought herself within the California statutes above quoted because the marriage has not been dissolved, nor has she instituted an action for separate maintenance. Defendant argues that a New York judgment of separation is not the equivalent of a California decree awarding separate maintenance. It is true that there are some incidental differences between the two. On the other hand there are substantial points of similarity in that neither dissolves the bond, but each dissolves the cohabitation. They have been held to be equivalent by the courts of community property States. Thus in *Radermacher* v. *Radermacher* (61 Idaho 261, 269) the court said: "It is true, Idaho does not recognize the right to a divorce from bed and board, but it does recognize the right to separate maintenance, as 'heretofore' pointed out. The word 'separate,' used in connection with 'maintenance' indicates that it is the right of the wife to be maintained by her husband while living apart from him. Our remedy of separate maintenance, while not identical with divorce *a mensa et thoro*, is similar to it in some respects *and may be used in place of it*." (Emphasis supplied.)

The third point raised by the defendant is that the allegation with respect to the Mexican divorce is not available to the plaintiff. Defendant claims that the Mexican divorce is a nullity, as undoubtedly it is. It, therefore, does not constitute a dissolution of the marriage within the purview of section 146 of the Civil Code of California. This allegation might have been the subject of a motion to strike out under rule 103 of the Rules of Civil Practice, but no such motion is before the court. Since

the decree of separation adequately sustains this suit, the complaint does not become insufficient by the addition of an irrelevant allegation concerning the Mexican divorce.

Defendant's fourth point is that the allegations of defendant's present adulterous relationship, abandonment and nonsupport are not available to the plaintiff. Plaintiff argues that since the division of property under California law is affected by the grounds upon which the decree is rendered, these allegations are proper. It will be noted, however, that the statutes above quoted empower the court to make an unequal disposition of community property, not because of adultery, but because of a *dissolution decree rendered on the ground of adultery*. No such decree is alleged in this complaint. Here again, however, no motion to strike out these allegations has been made and their presence in an otherwise good complaint does not render it insufficient.

Neither is there any merit to defendant's request for alternative relief requiring plaintiff separately to state and number her causes of action. She has but one cause of action, to wit, an action for an accounting and the payment over to her of one half of the community property.

In plaintiff's second cause of action it is alleged, and for the purposes of this motion must be considered to be the fact, that defendant now holds out to the community as his wife the woman with whom he is residing at Sands Point, and that he represents her to be his lawful wife, whereas he has never been validly married to her; that defendant has caused the title to the two parcels of real property mentioned above to be placed in the names of himself and said woman and that defendant will transfer other community property to said woman, thereby impairing and defeating plaintiff's rights in said property. Plaintiff demands judgment declaring herself to be the sole and only wife of the defendant and enjoining him from representing any other woman to be his wife.

There is no question that marital status may properly be the subject of an action for a declaratory judgment (*Baumann* v. *Baumann*, 250 N. Y. 382; *Lowe* v. *Lowe*, 265 N. Y. 197); but, defendant contends, such relief is not available to a nonresident of this State. Since such a remedy is discretionary, it depends in great part upon the facts developed at the trial. Nonresidence of the plaintiff, however, is not sufficient cause to reject jurisdiction initially and before trial. As a matter of pleading, such a complaint is sufficient (*Engel* v. *Engel*, 275 App. Div. 14).

Defendant contends that there is no basis for the injunctive relief sought by the plaintiff (*Lowe* v. *Lowe* and *Baumann* v. *Baumann, supra*). A complaint does not become insufficient merely because the plaintiff has asked for inappropriate relief (*Wainwright & Page* v. *Burr & McAuley*, 272 N. Y. 130, 132). Defendant, by motion pursuant to section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice, might have sought to dismiss that part of the complaint which seeks injunctive relief (*Lowe* v. *Lowe, supra*, p. 203) but again, no such motion is before us.

Both causes of action are sufficient and defendant's motion is in all respects denied. Submit order.