The plaintiff is the wife of the defendant, unless a certain alleged decree of divorce granted to this defendant in Mexico is efficacious, to terminate that relationship.. In this action the'plaintiff, in a first" cause of action, seeks relief which, in general, may be described to.be the dissolution of the alleged community of the parties as to certain property, in pursuance of law of the State of California; and in a second cause of action seeks judgment declaring that she is the wife of the defendant and that the latter be enjoined from holding out any other woman as his wife, and further enjoined from disposing of any of the alleged -community property unless and until he shall have accounted to the plaintiff for her share and interest therein, and made payment to her on account- thereof. *880 Defendant’s motion to dismiss each of the two causes of action on the ground that each does not state facts sufficient to constitute a cause of action, and for certain alternative relief was denied and defendant appeals. Order modified by striking from the ordering paragraph thereof the words “ in all respects denied ”, and by substituting in lieu thereof, the following: “ granted as to the first cause of action; and denied as to the second cause of action, with leave to plaintiff to serve a further amended complaint within ten days after service of a copy of this order, with notice of entry thereof.” As so modified, the order is affirmed, without costs. Plaintiff’s time to serve a further amended complaint is extended until ten days from the entry of the order hereon. The allegation purporting to set forth the California law in the first cause of action does not properly allege that an action for a division of the community property may be sustained separately from and subsequent to an action for separate maintenance and support. It is not proper pleading' of the law of another State to allege that statutes “have been * *" ° construed” to a certain effect. A cause of action for a declaratory judgment may properly embrace, in a single cause of action, claims for “ further or consequential relief ” (Rules Civ. Prac., rule 211) which otherwise would be regarded as separate causes of action, including claims for injunctive relief. (Lowe v. Lowe, 265 N. T. 197.) Such corollary claims may be dismissed, if they do not state facts sufficient to constitute causes of action, even though a sufficient cause for declaratory judgment be pleaded. However, unlike the Lowe ease {supra), the motion here under consideration was not directed to these corollary claims separately from the cause for declaratory judgment, but to the entire second cause of action. A sufficient cause is therein pleaded for declaratory judgment, and therefore the motion as to the second cause of action must be denied. Nolan, P. J., Johnston, Sneed, Wenzel and Mac Crate, JJ., concur. [197 Misc. 768.]