ARTHUR M. HAZELL, Appellant, v. SHORE COAST REALTY CORPORATION and Others, Defendants, Impleaded with LOUIS SACKMAN, Respondent.— Order reversed on the law, with ten dollars costs and disbursements, and plaintiff's motion for summary judgment granted, with ten dollars costs. In our opinion, respondent's answer to the amended complaint is sham and false and states no defense to the plaintiff's cause of action. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

In the Matter of the Application of EDWARD C. ANNESS and ADELAIDE V. ANNESS, Respondents, for an Order Appointing Them Guardians of the Persons and Property of PEYTON RANDOLPH ANNESS, JR., and EDWARD JOHN ANNESS, Infants under the Age of Fourteen Years. HELEN A. PATRICK, Appellant.— Order appointing petitioners guardians of infants affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

MAX JENCIO, Respondent, v. EMMA JENCIO, Appellant.— Order reversed on the law, with ten dollars costs and disbursements, and matter remitted to the Special Term to determine, upon affidavits or other proof, the amount due to defendant for alimony up to the time of her divorce and the amount of rents of the property in question collected by the defendant in excess of her share, which should be applied in reduction to such amount of alimony; also whether any amount is necessary for the support of the children of the parties and, if so, to fix said amount and direct its payment by plaintiff and to sequestrate plaintiff's property to secure the payment by him of the several amounts found to be due. In our opinion, this action did not abate by reason of the foreign divorce procured by defendant, but continued, so far as necessary, to determine and enforce the payment by plaintiff of any amounts of alimony accrued and due at the time of the divorce, and also for the purpose of fixing and enforcing payment by plaintiff of any amount necessary for the support of the children of the parties. As the present record does not disclose these facts, proof thereof must be made at Special Term. In determining the amount of alimony due at the time of defendant's divorce, plaintiff will be entitled to offset the amount of rent of the property in question, if any, collected by the defendant in excess of her share. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

KINGSLAWN HOLDING CORPORATION, Respondent, v. HYGRADE BUILDERS SUPPLY Co., INC., Appellant.— Judgment affirmed, with costs. No opinion. Scudder, Tompkins and Davis, JJ., concur; Lazansky, P. J., and Young, J., dissent as to the $500 paid by plaintiff as broker's fees, being of opinion that it should not have been included in the amount decreed to be a lien upon the real property.