RUTH POMERANCE, Plaintiff, *v.* WILLIAM POMERANCE et al., Defendants.

Supreme Court, Special Term, Kings County, January 31, 1946.

*Morris E. Packer* for plaintiff.

*Abraham R. Kartzman* for defendants.

KADIEN, J. This action for judgment under section 473 of the Civil Practice Act to declare (1) the nullity of the divorce obtained by the defendant, William Pomerance, against the plaintiff in the State of Nevada, (2) that she remains his lawful wife, and (3) that the defendants are not husband and wife (Civ. Prac. Act, § 1134) was submitted to the court upon an agreed statement of facts and a notice to admit, pursuant to section 322 of the Civil Practice Act.

The plaintiff and the defendant William Pomerance (hereinafter referred to as the " husband ") were married in New York City in December, 1927, and had one child, born in August, 1931, now living with the plaintiff. In February, 1941, the husband went to Reno, Nevada, and next month commenced an action for divorce on the ground of mental cruelty against the plaintiff, who did not appear in said action, nor was she served with any process therein within the State of Nevada. She was served with process in the borough of Brooklyn, city of New York, but did not appear in the action. A decree of divorce was entered on April 28, 1941, and on the same day, the husband married the defendant, Marjorie Baeza, in the State of Nevada. There are two children of this marriage, aged respectively three years and seven months.

The husband has been a practicing physician in the borough of Brooklyn for upwards of fifteen years and before leaving for the State of Nevada turned his practice over to an associate for the duration of his absence and resumed his practice at his old office in April, 1941, upon his return from Nevada. During his absence, he continued his telephone number and service at his old office and kept his professional shingle on the building where it is located. There are other admitted facts, all of which indicate that the sole reason for his going to Nevada was to procure a divorce under the so-called " liberal " laws of that State; that it was never his intention to be domiciled there or to make it his home any longer than was necessary to procure the decree of divorce under the laws of the State of Nevada.

The decree thus obtained is a " conclusive adjudication of everything except the jurisdictional facts upon which it is founded, and domicil is a jurisdictional fact." (*Williams* v. *North Carolina,* 325 U. S. 226, 232.) Under the foregoing authority, this court may, and upon the facts herein presented does. find that the Nevada decree obtained by the husband

against the plaintiff is not founded upon a bona fide domicile by him in the State of Nevada. For that reason, the decree of divorce obtained in that State is not entitled to recognition by this court. (*Reese* v. *Reese,* 268 App. Div. 993, and the authorities there cited.)

It is the contention of the defendants, however, that the plaintiff is guilty of inexcusable delay in asserting her rights because concededly she learned of the divorce and the defendant's remarriage about a week after April 28, 1941, and of the birth of the son to the defendants about a week after May 13, 1942, and about three years later of the birth of the other child, but did not institute this action until April 5, 1945.

This is a very unfortunate situation, but this court is unable to hold that the plaintiff's delay in bringing this suit has affected her right to establish her status. After all, the husband returned to New York subsequent to his remarriage on the same day that his decree of divorce against the plaintiff was obtained. The plaintiff did nothing affirmatively to recognize the divorce or her husband's remarriage. At that time, the Supreme Court of the United States had not yet handed down its decision in the first *Williams* case (*Williams* v. *North Carolina,* 317 U. S. 287). *Haddock* v. *Haddock* (201 U. S. 562) was still the law and the defendants had no reason to rely upon the Nevada decree, which was contrary to the express provisions of the laws of the State of New York of which the parties had been and still are residents and domiciliaries. The situation in which the defendants find themselves, unfortunate as it is, is the result of their own doing, and the plaintiff's delay in asserting her rights cannot aid them.

Accordingly, the court is constrained to grant judgment in favor of the plaintiff, with costs, that she is the lawful wife of the defendant, William Pomerance; that the Nevada decree of divorce, which he obtained against her is of no force and effect and invalid; and that the defendants are not husband and wife (*Fondiller* v. *Fondiller,* 182 Misc. 628). This court declines to grant any injunctive relief, nor is it intended by this determination to affect the status of the children born to the defendants nor the obligations of the defendant, William Pomerance, to them or to his codefendant.

Settle findings and judgment on notice.