Bessie Philipson, Plaintiff, v. Henry Philipson, Defendant.

Supreme Court, Special Term, Kings County, January 26, 1948.

*Herbert Silverman* for plaintiff.

*Leonard & Kahn* for defendant.

Colden, J. The plaintiff, in an action for a separation and for an injunction restraining the defendant from proceeding with a divorce action which he instituted against the plaintiff in the courts of the State of Nevada on or about November 10, 1947, moves for an order restraining the defendant *pendente lite* from further prosecuting or carrying on said divorce action.

The defendant opposes the application on the merits stating that a prior separation action brought by the plaintiff resulted in a settlement and a separation agreement dated February 1, 1944, that he is a bona fide resident of the State of Nevada and has no intention of returning to this State, that the time of the plaintiff to answer the Nevada action expired on December 12, 1947, and on December 13, 1947, a final decree of divorce was entered therein in his favor and against the plaintiff. A photostatic copy of said decree is attached and it appears therefrom that the separation agreement above referred to has been ratified, approved, confirmed and adopted by said court and by reference incorporated in said decree.

While there can be no question that the courts of this State may, in an action of this character upon a sufficient showing, grant a temporary injunction (*Pereira* v. *Pereira,* 272 App. Div. 281), it would be improvident to do so where, as here, the proceedings sought to be enjoined have already culminated in

a decree which under the authorities is entitled prima facie to full faith and credit. (*Pereira* v. *Pereira, supra*; *Matter of Holmes,* 291 N. Y. 261; *Williams* v. *North Carolina,* 317 U. S. 287.)

The pleadings in this case as finally framed will, undoubtedly, tender the issue as to the genuineness of the domicile upon which the defendant's Nevada decree rests. It will then be the burden of the spouse challenging such decree to show that such domicile was sham. (See, *Zekowski* v. *Zekowski,* 191 Misc. 914, decided simultaneously herewith.)

The motion is accordingly denied. Submit order.