ELLEN ZEKOWSKI, Plaintiff, *v.* ANTHONY ZEKOWSKI et al., Defendants.

Supreme Court, Special Term, Kings County, January 26, 1948.

*William J. Rapp* for plaintiff.

*Milton M. Eisenberg* and *Ralph Weller* for Anthony Zekowski, defendant.

COLDEN, J. In an action by the plaintiff for judgment, under section 473 of the Civil Practice Act, to declare the nullity of a divorce which the defendant, Anthony Zekowski, obtained

against her in the courts of the State of Nevada on or about April 8, 1943, that she is still the lawful wife of said defendant and that the defendant, Lillian Harness, also known as Lillian Zekowski, is not the wife of the defendant, Anthony Zekowski, and for other incidental relief, the plaintiff has moved for judgment on the pleadings, as demanded in the complaint (Rules Civ. Prac., rule 112).

The plaintiff's position upon this motion is epitomized in one paragraph on page 8 of her counsel's brief, as follows: "In view of the admissions by the defendant of the plaintiff's New York residence, of the fact that said defendant instituted the suit for divorce in Nevada but that the plaintiff did not appear in said action nor submit to the jurisdiction of that Court, and his further admission that a decree of divorce was obtained by him in Nevada against the plaintiff, it is evident that the Nevada decree of divorce is absolutely invalid, and that the plaintiff is entitled, at this time, to a declaratory judgment establishing her as the wife of the said defendant."

The foregoing contention might be valid were *Haddock* v. *Haddock* (201 U. S. 562) still the law. However, the United States Supreme Court in *Williams* v. *North Carolina* (317 U. S. 287) expressly overruled the *Haddock* case (*supra*) and held that (p. 303) — "when a court of one state acting in accord with the requirements of procedural due process alters the marital status of one domiciled in that state by granting him a divorce from his absent spouse, we cannot say its decree should be excepted from the full faith and credit clause merely because its enforcement or recognition in another state would conflict with the policy of the latter." In the second *Williams* case (325 U. S. 226), the Supreme Court of the United States held that the domicile of one spouse within a State gave power to the courts thereof to dissolve a marriage wheresoever contracted, if the courts of that State had jurisdiction to render judgment. In other words (p. 232), "the decree of divorce is a conclusive adjudication of everything except the jurisdictional facts upon which it is founded". In *Matter of Holmes* (291 N. Y. 261, 273) it was held that a foreign judgment of divorce once obtained is prima facie entitled to full faith and credit, and presumptively valid until the basis of jurisdiction in the foreign court is held to be nonexistent. In *Pereira* v. *Pereira* (272 App. Div. 281, 287) the court said: "It is no longer possible to assert lack of jurisdiction in the foreign court as matter of law because of lack of matrimonial domicile, but a nonmigratory

spouse must assume the affirmative burden of a factual demonstration of its invalidity in a collateral attack upon the foreign decree of divorce in our courts.''

In light of the foregoing, the admissions in the pleadings in this case of plaintiff's New York residence and of the divorce obtained by the defendant in the courts of Nevada without her appearance therein, does not render such divorce invalid as a matter of law. It is the burden of the spouse who challenges the invalidity thereof of demonstrating that the jurisdictional facts upon which it is founded, i.e., the husband's domicile in Nevada, was sham. (*Reese* v. *Reese,* 268 App. Div. 993, and the authorities cited.) Such a demonstration is possible only at a trial where the court has all the facts before it and can determine under established rules the issue of fact as to the genuineness of the domicile upon which the defendant's divorce against the plaintiff in a foreign State rests. (See, however, *Pomerance* v. *Pomerance,* 187 Misc. 20, where a determination on issues similar to those at bar was made at a trial upon an agreed statement of facts and a notice to admit, under section 322 of the Civil Practice Act.)

The motion is accordingly denied. Submit order.