ANNE G. LONG, Appellant, *v.* HUGH W. LONG, Respondent.

First Department, February 24, 1953.

*William J. Rapp* for appellant.

*Leo T. Kissam* and *Joseph M. O'Loughlin* for respondent.

Cohn, J. By this action plaintiff, Anne G. Long, sought a judgment declaring (1) that she is the lawful wife of defendant, Hugh W. Long; and (2) that a decree of divorce obtained by defendant husband against plaintiff wife in the State of Nevada is invalid and void under the laws of the State of New York. A reasonable sum for counsel fees and expenses was also demanded by plaintiff.

After a trial, judgment was directed in favor of defendant husband, dismissing the complaint on the merits, the court holding as a matter of discretion, that there was no necessity for a declaratory judgment. Plaintiff's rights, the court stated, had already been adequately adjudicated and she was sufficiently protected by an earlier judgment of separation obtained in this jurisdiction; that she was being accorded ample support by a provision made in a separation agreement; and that the purpose in bringing the action was not to preserve any personal or property rights of plaintiff or to protect her reputation in the community in which she resides. From the judgment of dismissal, plaintiff wife appeals.

These facts are not disputed: The parties intermarried in 1921, in the city of Columbus, Ohio. Thereafter they established a residence in New York State, where they lived together until May, 1948. They have one child, a daughter now fifteen years of age, who resides with plaintiff. On June 23, 1949, plaintiff obtained a judgment of separation from defendant in the Supreme Court of this State, and was awarded alimony and custody of the child. Shortly thereafter defendant went to the State of Nevada and on September 15, 1949, he instituted a divorce action against plaintiff in that State on the ground of plaintiff's cruelty which is alleged to have commenced several years prior thereto. Plaintiff was served by publication. She did not appear in that action. A decree of divorce in favor of the husband was entered in the Nevada court on December 1, 1949.

Plaintiff wife claims that the Nevada court could not render a valid decree against her because it did not have jurisdiction of the marital *res* and that the Nevada court did not obtain jurisdiction to render the decree because the husband had not established a bona fide domicile in that State. Plaintiff urges that it is essential to the preservation of her marital status, her property rights and her reputation in the community in which she and the defendant reside that she obtain a judgment in the Supreme Court of this State invalidating the Nevada divorce and declaring plaintiff to be the lawful wife of defendant.

The Supreme Court has the power in any action to declare rights and other legal relations on request for such declaration and by statute such declaration shall have the force of a final judgment. (Civ. Prac. Act, § 473.) A declaratory judgment may be resorted to when the circumstances render it useful and necessary, and where it will serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations. (*Somberg* v. *Somberg,* 263 N. Y. 1, 4, 5.) Though the granting of a declaratory judgment is discretionary with the trial court, the discretion must be exercised judicially and with care. (*James* v. *Alderton Dock Yards,* 256 N. Y. 298, 305; *Engel* v. *Engel,* 275 App. Div. 14, 16; *Pomerance* v. *Pomerance,* 187 Misc. 20.) The exercise of that discretion is always subject to review. In the circumstances of this case, the interests of justice clearly required that the court render a declaratory judgment setting forth the marital status of the parties, and declaring the validity or invalidity of the foreign decree.

Under the Constitution of the United States, the Nevada decree which dissolved plaintiff's marriage is guaranteed full faith and credit unless vacated. (*Williams* v. *North Carolina*, 317 U. S. 287.) The sanctity of this judgment of the foreign court enjoys respect in every State of the Union and will yield only to a judgment of a sister State holding that the jurisdictional facts upon which the earlier judgment was rendered do not exist. (*Williams* v. *North Carolina*, 325 U. S. 226.) The determination of the Nevada court that it had jurisdiction of the marital *res* is entitled to prima facie weight. In *Matter of Holmes* (291 N. Y. 261, 273) the court said: "Instinct in these and other decisions of this court is the rule that the foreign judgment of divorce will be given full force and effect as a judgment *in rem* dissolving the marriage of the plaintiff until impeached by evidence which establishes that the court had no jurisdiction over the *res.*"

As plaintiff wife maintains that the residence of the husband in Nevada was fictitious and fraudulent she has the burden of striking down the prima facie effect of the foreign court's finding of residence. In *Williams* v. *North Carolina* (325 U. S. 226, 233–234, *supra*) the court said: "The burden of undermining the verity which the Nevada decrees import rests heavily upon the assailant. But simply because the Nevada court found that it had power to award a divorce decree cannot, we have seen, foreclose reexamination by another State."

Where, as here, our court has secured personal jurisdiction of both parties, it should not hesitate to pass upon the matter of defendant's domicile in Nevada which purportedly gave the court of that State jurisdiction.

The jurisdictional fact of domicile upon which depends the power to exert judicial authority, is a crucial fact and its truth or existence must be ascertained. The finding of domicile inherent in the foreign decree can be overturned "only by relevant standards of proof" and such issue must be "fairly assessed on cogent evidence." (*Williams* v. *North Carolina*, 325 U. S. 226, 236, *supra*.) These requirements of disproof of domicile must be met in this case if plaintiff is to prevail.

Whether the husband had abandoned his domicile in New York and established a new bona fide domicile in Nevada are issues which must be determined by our court, and which, we think, should have been decided by the Trial Judge in this case. On the question of domicile, the court in the *Matter of Newcomb* (192 N. Y. 238, 251) stated: "There must be a present, definite

and honest purpose to give up the old and take up the new place as the domicile of the person whose status is under consideration. * * * No pretense or deception can be practiced, for the intention must be honest, the action genuine and the evidence to establish both, clear and convincing. The *animus manendi* must be actual with no *animo revertendi.*"

Our courts are under a duty to protect the marital status of a wife domiciled in this State by declaring her rights when there is an open claim that she is no longer the lawful wife of the man to whom she was married. (*Lowe* v. *Lowe,* 265 N. Y. 197, 201; *Baumann* v. *Baumann,* 250 N. Y. 382; *Somberg* v. *Somberg,* 263 N. Y. 1, *supra.*) In *Pereira* v. *Pereira* (272 App. Div. 281) the court granted a wife equitable relief by way of injunction where a husband went to another jurisdiction and attempted to get a divorce without appearance by the wife. There in an opinion by Mr. Justice CALLAHAN (page 288): "We find that under the circumstances the question of defendant's good faith in establishing the Nevada domicile should be litigated in this State of matrimonial domicile rather than in the courts of the State of defendant's selection and now rather than later. At this time the court has jurisdiction over the persons of the parties to this action. It may not be able to obtain such jurisdiction at another time."

We are not prepared to state how the issues of fact involved here should be decided, but we do say that in this case a declaratory judgment is not only proper but necessary and useful to determine the marital status and to decide whether the jurisdiction of the foreign court was fraudulently obtained. The Nevada decree, if not vacated or set aside, dissolves the marriage of the parties, destroys the rights of the wife in the husband's property, and may subject her, though innocent, to humiliation in the community in which she lives. (*Matter of Franklin* v. *Franklin,* 295 N. Y. 431; *Harris* v. *Harris,* 279 App. Div. 542.) There should be another trial at which the question of the validity of the husband's domicile in the State of Nevada may be fully explored and an appropriate declaration may then be made.

In the circumstances under the mandate of the statute (Civ. Prac. Act, § 1169-a) plaintiff was entitled to an award of counsel fees and expenses in this action to declare the validity or nullity of the foreign judgment of divorce. A fee of $1,500 to include counsel fees and expenses we regard as proper and should, in any event, be allowed.

For the foregoing reasons the judgment should be reversed and a new trial ordered.

PECK, P. J., DORE and VAN VOORHIS, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. [See *post,* p. 882.]