Mary Forde et al. v. I. Howard Lehman et al., as Trustees in Reorganization of Surface Transportation Corporation of New York and Yale Transport Corporation.— Motion to dismiss appeal granted, with $10 costs. Present — Dore, J. P., Callahan, Bastow, Botein and Bergan, JJ.

## (November 30, 1954.)

Mildred Leitman, Respondent, v. Aleck Leitman et al., Appellants.

*Per Curiam.* On March 7, 1947, defendant husband procured a judgment of divorce against plaintiff in Mexico. No personal service of process was made upon plaintiff nor did she appear in that action. On February 11, 1948, almost a year later, an action for separation brought by plaintiff in this State was tried and judgment in her favor was entered therein. Plaintiff now brings this action for declaratory judgment, in which she seeks to have her marital status declared and also seeks certain injunctive relief against her husband and his codefendant, who are allegedly representing themselves to be husband and wife.

Defendants appeal from an order at Special Term denying their motion to dismiss the complaint under subdivision 4 of rule 106 of the Rules of Civil Practice on the ground that the complaint does not state facts sufficient to constitute a cause of action, and under subdivision 4 of rule 107 of the Rules of Civil Practice on the ground that there is a final judgment entered on the merits determining the same cause of action between the parties.

The complaint in the separation action alleged that defendant had previously commenced an action for absolute divorce in Mexico. Upon the trial of the separation action testimony was received as to the institution of the Mexican divorce action. In fact, the papers with which plaintiff was served were received in evidence. Upon a record reflecting the commencement of the Mexican divorce action, judgment of separation was rendered in favor of plaintiff.

The judgment of separation, particularly when fortified by reference in the record to the Mexican divorce action, conclusively establishes the existence of a valid marriage between plaintiff and defendant husband some time after the entry of the Mexican divorce decree (*Fischer* v. *Fischer,* 254 N. Y. 463, 466). Such being the case, there is no necessity for a declaration of the marital status and attendant responsibilities of ·defendant husband (*Garvin* v. *Garvin,* 306 N. Y. 118). And there is no cause of action for declaratory judgment against the codefendant Jacobi (*Baumann* v. *Baumann,* 250 N. Y. 382; *Somberg* v. *Somberg,* 263 N. Y. 1). *Long* v. *Long* (281 App. Div. 254), upon which Special Term relied, is distinguishable in that the judgment of separation in this State was granted *before* the decree of divorce was secured in a foreign State.

Accordingly, the order of Special Term denying the motion to dismiss the complaint should be reversed and the complaint should be dismissed.

Dore, J. P., Callahan, Bastow, Botein and Bergan, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants, the motion granted, and judgment is directed to be entered dismissing the complaint, with costs.