DOROTHY GELMAN, Plaintiff, *v.* IRVING GELMAN, Defendant.

Supreme Court, Special Term, Bronx County, April 21, 1955.

*Harry Wilson* for plaintiff.

*David Stein* for defendant.

MATTHEW M. LEVY, J. The plaintiff-wife, by this action, seeks a judgment declaring void a Nevada decree of divorce, obtained by the defendant against the plaintiff. It appears that in May of 1953, a judgment of separation was awarded the plaintiff in this State. Thereafter, in July 1953, the husband obtained a Reno divorce. The defendant remarried in Nevada and is at present living in New York State with his second wife. At the conclusion of the trial, I found as fact that the defendant was not a bona fide domiciliary of Nevada; that his stay there was solely for the purpose of obtaining a divorce in that State; that at all times involved in issue here he was (and still is) a resident of the State of New York; that the Reno decree was obtained on the alleged default of the plaintiff, who was not duly served with process and did not subject herself to the jurisdiction of the Nevada court; that that court did not have jurisdiction to grant the decree; and, in consequence, that this court is not required to give it full faith and credit under section 1 of article IV of the United States Constitution (*Williams* v. *North Carolina,* 317 U. S. 287; 325 U. S. 226).

It is now clear that an action to declare invalid an *ex parte* foreign divorce may be maintained where there will be irreparable harm to the plaintiff (see *Garvin* v. *Garvin,* 302 N. Y. 96; *Greenberg* v. *Greenberg,* 218 App. Div. 104). Even where the foreign divorce is invalid on its face and not entitled to full faith and credit, it has been recognized by the majority of the Appellate Division in this department that equity should intervene to protect the wife and the children from having their social and property rights unsettled by the suit abroad (*Rosenbaum* v. *Rosenbaum,* 285 App. Div. 427; cf. *Kramer* v. *Kramer,* N. Y. L. J., Dec. 16, 1954, p. 6, col. 5). And certainly, where the foreign court has at least colorable jurisdiction, and the out-of-State decree is ordinarily entitled to full faith and credit, the right to obtain equitable relief is well established (*Garvin* v. *Garvin,* 302 N. Y. 96, *supra*). This would seem to be especially true where, as here, the defendant has taken unto himself another spouse with whom he lives as a New York resident.

In *Long* v. *Long* (281 App. Div. 254) the wife obtained a judgment of separation in this State and thereafter the husband procured a Nevada decree. A declaratory judgment was granted to the wife declaring the invalidity of the Nevada decree. The court held (p. 258) that '' declaratory judgment is not only proper but necessary and useful to determine the marital status and to decide whether the jurisdiction of the foreign court was fraudulently obtained. The Nevada decree, if not vacated or set aside, dissolves the marriage of the parties, destroys the rights of the wife in the husband's property, and may subject her, though innocent, to humiliation in the community in which she lives. (*Matter of Franklin* v. *Franklin,* 295 N. Y. 431; *Harris* v. *Harris,* 279 App. Div. 542.) '' There thus appears to be no question but that this plaintiff would normally be entitled to a judicial determination that she is still the lawful wife of the defendant. The only problem arises from the fact that subsequent to the Nevada decree, the New York separation judgment was modified by the court here with respect to alimony and custody of the children after a hearing during which reference was made to the Nevada decree. The order of amendment is claimed by the defendant to be at least a tacit acceptance by the court of the continued marital relationship between the parties, and, that there is therefore no need to grant the relief here sought. The defendant moved (at the close of trial) to dismiss the complaint on this ground, and it is on this issue that I reserved decision.

The defendant concedes (in line with the holdings in the foregoing authorities) that where a judgment of separation is issued in New York, and thereafter the defendant obtains a Nevada divorce, a declaration adjudicating the invalidity of the Nevada decree should be granted. However, the defendant places reliance upon *Leitman* v. *Leitman* (284 App. Div. 959), where it was unanimously held that if the foreign decree is obtained first, and then the New York court grants a judgment of separation to the wife, an action for a declaratory judgment will not lie — because "The judgment of separation, particularly when fortified by reference in the record to the Mexican divorce action, conclusively establishes the existence of a valid marriage between plaintiff and defendant husband some time after the entry of the Mexican divorce decree (*Fischer* v. *Fischer*, 254 N. Y. 463, 466). Such being the case, there is no necessity for a declaration of the marital status and attendant responsibilities of the defendant husband (*Garvin* v. *Garvin*, 306 N. Y. 118). " It seems to me that the precedent relied upon by the defendant is not in point here. In the *Fischer* case (cited by the Appellate Division in *Leitman* v. *Leitman, supra*) it was pointed out (254 N. Y. 463, 466) that " In every action for separation the primary fact to be proved is an existing marriage between the parties." This principle is inapplicable to the case at bar. The modification proceeding and order dealt solely with questions of custody and support. The court was not asked to, and did not attempt to, redetermine the issue as to the marriage itself. Any reference to the divorce at the hearing did not result in a determination of the invalidity of the divorce decree. The hearing was not — to use the language in *Long* v. *Long* (281 App. Div. 254, 258) — " another trial at which the question of the validity of the husband's domicile in the State of Nevada may be fully explored and an appropriate declaration may then be made."

Marriage, like other legal relationships, consists of the proverbial bundle of rights and corresponding duties and should not be considered merely a single entity (*Esenwein* v. *Commonwealth*, 325 U. S. 279, 281–283 [concurring opinion]; see Morris, Divisible Divorce, 64 Harv. L. Rev. 1287). In *Estin* v. *Estin* (296 N. Y. 308) the wife had received a judicial separation in New York which provided, *inter alia,* for alimony; the husband, after having established a bona fide Nevada residence, received a default divorce there; at this point he ceased payment of alimony. In New York the wife sought arrears of alimony payments, and the Court of Appeals held that the wife's motion was properly granted. In affirming, the United States Supreme

Court recognized that in New York " a support order can survive divorce " (334 U. S. 541, 544). (See, also, *Michell* v. *Michell,* 276 App. Div. 1090.) That is the situation here — the " support order " (that is, the separation decree in respect of custody and support only) was modified after the alleged foreign divorce. The instant case, then, is not one where the declaration of the invalidity of the divorce has been directly or even impliedly issued by the order of modification. And it is only on that basis that *Leitman* v. *Leitman* (284 App. Div. 959, *supra*) can possibly apply.

Judgment is awarded the plaintiff on the merits. Settle findings of fact, conclusions of law and judgment.