Samuel H. Hofstadter, J.
In this action by the wife for a declaratory judgment determining that a divorce decree which the defendant obtained against her in Mexico is invalid for lack of jurisdiction and that she is still the defendant’s lawful wife, the defendant moves pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice to dismiss the complaint on the ground that it does not state a cause of action.
In essence the complaint states: The parties were married in this State in 1954 and have a son now two years old, the issue of their marriage. In 1956 the plaintiff commenced an action for a separation in this court in which the defendant husband appeared, and on February 25, 1957 a final judgment granting the plaintiff a separation was entered in the action. This judgment, a copy of which forms part of the complaint, awards custody of the child to the plaintiff, with rights of visitation to the defendant, and directs the defendant to pay the plaintiff a weekly sum of her own support and that of the son.
In June, 1957 the defendant, who at all the times mentioned was and still is a resident of the County of Bronx, New York, went to Ciudad Juarez, Chihuahua, Mexico, and in a court there instituted an action to obtain a divorce from the plaintiff. Service in the Mexican action was made on the plaintiff in this State and she did not appear in the action. The defendant procured a decree of the Mexican court purporting to divorce him from the plaintiff, which decree the complaint characterizes as colorable and of no effect, because the defendant was not a bona fide resident of Mexico. The plaintiff is subject to ignominy, to a false suspicion that the colorable Mexican divorce has superseded this court’s judgment of separation and to doubt as to her status as the defendant’s lawful wife. It is essential to the preservation of the plaintiff’s rights under the judgment of separation and of her marital status and reputation in her community that a *237 declaratory judgment declare that she is the defendant’s lawful wife and that the Mexican divorce was fraudulently obtained and is void. The defendant’s challenge of the sufficiency of this complaint rests on the contention that the plaintiff has not shown any necessity for a declaratory judgment.
The power of the court to adjudicate marital status by a declaratory judgment is now well recognized (Lowe v. Lowe, 265 N. Y. 197; Baumann v. Baumann, 250 N. Y. 382). Since the grant of declaratory judgment lies in judicial discretion (Engel v. Engel, 275 App. Div. 14), obviously the power to declare marital status should not be exercised in the absence of substantial ground therefor. The question for decision here is whether the situation disclosed by the complaint justifies further inquiry into the case or whether the plaintiff should be turned out of court at its very threshold. For, as the court said in Engel v. Engel (supra, p. 17): “ The point to be emphasized is that a holding concerning the sufficiency of the allegations of the complaint in an action for declaratory judgment does not determine that it would be appropriate upon the trial to grant the relief sought.”
It is clear that, since a final judgment of separation in this State establishes the existence of a valid marriage at the time of its rendition (Statter v. Statter, 2 N Y 2d 668, 672; Garvin v. Garvin, 306 N. Y. 118), such judgment necessarily determines the invalidity of any prior foreign divorce of the parties. A husband or wife who holds through the judgment of separation a definitive adjudication of an existing valid marriage is in no need of a second declaration that a purported divorce previously obtained in another jurisdiction is of no effect. The judgment of separation has itself so determined; in the circumstances, a declaratory judgment is merely the reaffirmation of what has already been decided by a New York court. In such a case our courts accordingly reject as superfluous a prayer for declaratory judgment. (Garvin v. Garvin, supra; Leitman v. Leitman, 284 App. Div. 959; Goshin v. Goshin, 279 App. Div. 668.)
When, however, the foreign divorce is granted after the rendition of the judgment of separation, a wholly different problem arises. Self-evidently the judgment does not and cannot determine the effect of a decree which has not yet come into being. That is what occurred here, for the defendant did not commence the proceeding in Mexico until several months after the plaintiff had obtained her judgment of separation in this court. Since the judgment of separation does not foreclose a later divorce, such divorce, if valid, would dissolve the marriage, notwithstand *238 ing the earlier judgment of separation. The plaintiff, therefore, has a very genuine concern in the resolution of the issue whether the Mexican divorce is valid, and whether she still is or is not the defendant’s wife. The Mexican divorce has raised a real doubt as to her status which the court’s declaration can set at rest. Enough is shown to move the court at least to entertain her suit. (Impellizzeri v. Impellizzeri, 285 App. Div. 898Long v. Long, 281 App. Div. 254; Gelman v. Gelman, 207 Misc. 1032; Martin v. Martin, 131 N. Y. S. 2d 96.)
The defendant argues that the complaint should be dismissed because it does not allege that he has remarried. There is little merit in this contention, for a declaration by this court that he is still married to the plaintiff might deter him from embarking on a new matrimonial venture. It might well also persuade a woman, mindful of the consequences of a marriage in the face of such pronouncement, especially should the remarriage go upon the rocks, not to incur its inevitable risks. If the chaos born of foreign divorce and later remarriage is reduced to however small a degree by a declaratory judgment, the judgment is both useful and in the public interest. In Long v. Long (281 App. Div. 254, supra) a declaratory judgment was granted after trial, and in Martin v. Martin (131 N. Y. S. 2d 96, supra) the sufficiency of the complaint was upheld; in neither case had the defendant remarried. In Martin v. Martin (supra) the husband procured a divorce in Mexico after the wife had been granted a judgment of separation in New York; the situation was thus substantially identical with that shown here.
Nor is the circumstance that the divorce under attack was granted in Mexico rather than in a sister State ground for dismissal. It is worthy of note that, though in Rosenbaum v. Rosenbaum (309 N. Y. 371) a closely divided court refused an injunction against the prosecution by a New York resident of a divorce action in Mexico, because the obvious invalidity of a Mexican decree on the stated facts rendered the relief sought unnecessary, a reason given in the majority opinion for the denial of the injunction was that the remedy of a declaratory judgment was available to the plaintiff. “ A simple action for declaratory judgment, when all the facts may be fully developed, is at all times available to her (see Baumann v. Baumann, 250 N. Y. 382; Lowe v. Lowe, 265 N. Y. 197), the expenses of which may be assessed against defendant (Civ. Prac. Act, § 1169-a). * * * Since plaintiff thus has an adequate remedy under section 473 of the Civil Practice Act, equity should refrain from granting the drastic relief of injunction.” (P. 377.)
*239 Neither Krakower v. Krakower (291 N. Y. 604) nor Guibord v. Guibord (2 A D 2d 34), relied on by the defendant, leads to a different conclusion. The Krakower case was decided after trial. Though in Guibord the court passed on the sufficiency of the complaint, the questioned Nevada divorce antedated a New York judgment of separation obtained by the plaintiff husband; moreover, the court seemed to sense an ulterior purpose in bringing the action. Nothing of the kind is disclosed here.
The motion to dismiss the complaint for insufficiency is, therefore, denied.