Matthew M. Levy, J.
Settlement negotiations, suggested by the court in the interest of the child of the parties, were engaged in at length by the parties and their counsel, but have proved abortive. A decision is requested on the pending application.
This is a motion by defendant husband in a separation action to vacate — as a matter of right —the alleged service of the summons and complaint and to vacate the judgment and orders consequent thereupon. The marriage was celebrated in New York and the parties lived here. The action was commenced when plaintiff (who concededly continued to reside in New York) caused defendant to be personally served in Virginia on March 16,1955. Judgment herein was entered thereon on September 14, 1956, as upon an undefended matrimonial action. In the meantime, defendant, as plaintiff in an action for divorce in Virginia, caused a summons and complaint to be served on plaintiff — by publication, pursuant to the order of the Virginia court, dated July 13, 1955. In that case, defendant proceeded to judgment, as upon an undefended matrimonial action, on September 23, 1955.
The defendant admits that he did not become a Virginia domiciliary until June 24, 1955. Therefore, as a resident of New York, the service of process upon him — prior to that date — conferred upon this court appropriate jurisdiction in this action (Civ. Prac. Act, § 235; Williams v. North Carolina, 317 U. S. 287; 325 U. S. 226). And, as stated in Matter of Guyette v. Haley (286 App. Div. 451, 457-458), “ The judicial power does not have to stand by and peer into the distance to see if something is happening elsewhere which will affect what it is then doing.” Moreover, it is clear that the action for separation did not abate upon the entry of the foreign judgment of divorce, but continued, for certain purposes, such, at least, as the determination of the amount of alimony due at the time of entry of the divorce judgment, and for the purpose of fixing and enforcing payment of any amount necessary for the support of the child of the parties (Jencio v. Jencio, 236 App. Div. 707). The limitation of the court’s proper exercise of its jurisdiction would be determined by the facts (Rigney v. Rigney, 127 N. Y. 408).
*222 Accordingly, so much of the motion as seeks to vacate the service of the summons and complaint herein is denied, and so much of the motion as asks that the judgment and orders pertaining thereto be set aside is denied without prejudice to a motion by defendant, if so advised, to open his defaults thereon, and to apply for such relief as may be appropriate in the premises (Matter of Guyette v. Haley, supra; Lambert v. Lambert, 180 Misc. 570; Ragovis v. Ragovis, 124 N. Y. S. 2d 655).
Settle order.
(On reargument.)
Asserting that he was domiciled in Virginia at the time that he was served with process there in this action, the defendant heretofore moved to vacate, as a matter of right, the service of the summons and complaint upon him and to set aside the default judgment entered against him thereon. As demanded in the complaint, the judgment awarded the plaintiff a separation from the defendant and directed him to pay the plaintiff weekly sums as alimony for her and as maintenance for the child of the parties. The defendant also moved, in effect and in the alternative, to vacate, as a matter of right, so much of the judgment as directed him to make the payments referred to, and to vacate the default order thereafter granted, punishing him for contempt for failure to make the required payments.
The parties had been married in New York, and the plaintiff and the child (at least) continued their residence in New York. The defendant was served personally (1) in Virginia, on March 16, 1955, with the summons and complaint, (2) in New York on April 15, 1957, with a certified copy of the judgment, and (3) in New York on June 4, 1957, with the order to show cause to punish for contempt. In his moving papers to vacate (as, among other things, I pointed out in my memorandum opinion disposing of the motion) the defendant admitted that he had not become a Virginia domiciliary until June 24, 1955 — which was after the date of the service of the initial process upon him out of this State, in pursuance of section 235 of the Civil Practice Act. I denied the defendant’s motion — with finality in respect of so much of his prayer as sought to vacate the service of the summons and complaint; and, in respect of that branch of the motion as sought to set aside the judgment and the orders pertaining thereto, the denial was without prejudice to an application by the defendant, if so advised, to open his defaults thereon and to apply for appropriate relief.
The defendant now moves to amend his earlier affidavit as to when he became a Virginia resident, claiming a typographical *223 error as to the date, and for leave to renew or reargue the original motion in the light of the corrected affidavit. “ A matrimonial action often has a dual aspect. In one aspect it is substantially a proceeding in rem, * * * in the other aspect it is a proceeding in personam ” (Geary v. Geary, 272 N. Y. 390, 399; see, also, Gelman v. Gelman, 207 Misc. 1032, 1035; Prouty v. Drake, 208 Misc. 540, 545). Each feature of the action and judgment for separation must be separately kept in mind on this application.
Whether or not defendant became a Virginia domiciliary on June 24, 1955, as previously stated, or on June 24, 1954, as presently stated, is immaterial in respect of the in rem jurisdiction of the court, since the marriage was celebrated in New York and the plaintiff concededly was a resident here when the action was commenced. (Civ. Prac. Act, § 1165-a, subd. [2].) Personal service on the defendant in Virginia of the summons and complaint unquestionably gave the court such in rem jurisdiction (Civ. Prac. Act, § 235). In consequence, even were the requested amendment and reargument allowed, the defendant’s application to vacate the service and the resulting decree of separation — on the ground that, because of nonservice of process in New York State, there was no jurisdiction whatsoever — would still'be denied (cf. Jackson v. Jackson, 290 N. Y. 512, 515).
In respect, however, of the in personam jurisdiction of the court over the defendant, the situation is different. If the defendant were, at the time of the service upon him, a nonresident of New York State, this court in this action would have had no jurisdiction over the person of the defendant and therefore was without power to make the direction that he support his wife and child (Reschofsky v. Reschofsky, 272 App. Div. 694, 695; but, as to Uniform Support of Dependents Law, and the jurisdiction of the Domestic Relations Court, see Landes v. Landes, 1 N Y 2d 358). Since, however (even on the assumption that the amendment and reargument were allowed), the matter of the defendant’s actual residence at the time of the service of process upon him is now in issue, and is sharply contested in the affidavits, that matter cannot be determined presently on the papers alone (Josephson v. Josephson, 276 App. Div. 845; Gargiulo v. Gargiulo, 207 Misc. 427, 430).
When the defendant received the summons and complaint, he could have promptly appeared specially in this action and moved against that part of the complaint which was based upon the assumption of personal jurisdiction (Lansdale v. Lansdale, 1 A D 2d 374). Failing in that, he could have promptly appeared *224 specially and moved to modify the judgment entered in the separation action (Reschofsky v. Reschofsky, 272 App. Div. 694, supra; Matter of Guyette v. Haley, 286 App. Div. 451, 457-458). Failing in that, he could have, Toy an appropriate application under a special appearance, contested the motion to punish for contempt. He did none of these, thinking perhaps that he might thereby chloroform the plaintiff into fatigue or quiescence or harass her into submission or surrender.
Now, apparently, the defendant finds it necessary to throw himself upon the mercy of the court in order to obtain discretionary relief. Assuming that I am inclined to grant some or all of the defendant’s present prayers, he should not, in the circumstances, be permitted further to ignore the judgment and orders of the court pending due judicial determination of their ineffectivness because of the defendant’s alleged nonresidence in this State. And, in particular, he should not further ignore his obligation to support his child.
Accordingly, the relief as hereinafter specified will be granted, but upon condition that the defendant regularly pay the plaintiff the sum of $15 per week for the support and maintenance of the child of the parties (the sum specified in the judgment in that respect). If the defendant fails to comply with this condition, the present application of the defendant will be denied in its entirety, and my original decision will stand. Upon due compliance with the foregoing condition, the defendant’s motion to correct the date in his affidavit, and for leave to renew or reargue is granted to the extent of allowing the amendment and granting leave to him to reargue so much of the motion as seeks to modify the judgment by striking therefrom any in personam directives, and, if the same be stricken, to vacate any subsequent orders of the court dependent thereon. A reference will be had in aid of the determination of that issue. The Official Referee, to be designated in the order, will hear and report, with his recommendations, on the question as to the defendant’s residence at the time of the service of process. In the meanwhile, final disposition of the applicable phases of the motion will be held in abeyance.
Settle order accordingly. Since the order on the initial motion has not, at the defendant’s request, been entered pending determination of the present application, the order hereon should recite all appropriate papers.