Owen McGivern, J.
Defendants move to dismiss the complaint in this action for a declaratory judgment on the ground that there is another action pending between the same parties for the same causes. The plaintiff and the defendant, Melville J. Golding, were married in December, 1942 and four children were the result of this union. In October, 1956, the defendant (here) Golding commenced an action for separation in the Supreme Court, Westchester County, New York, against the plaintiff, who counterclaimed for a separation. In July, 1957 temporary alimony was awarded to the wife in the sum of $500 per week together with additional benefits. This order was affirmed by the Appellate Division, Second Department *258 (6 A D 2d 871). In May of 1958, the separation action was tried, and the court awarded the wife a final decree of separation on the ground of abandonment and also awarded her the custody of the four children. The decree provided that permanent alimony was to be determined upon further trial and the action continue “ for that purpose ”, The issue of the amount of permanent alimony has not been tried. In July of 1958, after the making and entry of the decree of separation, the defendant herein commenced an action for divorce and obtained an ex parte decree in Mexico on August 3, 1958, and on August 15, 1958, he entered a marriage ceremony with the defendant, Bita Marks, in Arlington, Virginia, and since then resides with her in New York City. ‘The movants contend that the action in Westchester County is pending, and that it bars the present one in New York County. They rely upon Garvin v. Garvin (306 N. Y. 118) and the cases cited therein. The theory apparently being that when, as, and if the Westchester court will have determined the issues still open, i.e., permanent alimony and provision for support and education for the children, it will then enter a ‘ ‘ final ’ ’ decree of separation which will determine the marital status of the parties at a time subsequent to the entry of the “ Mexican Divorce Decree ”.
This court cannot accept the proffered theory. It appears to be of small consequence whether the decree or order of the Westchester court be termed “final”, because it is not disputed that this court decreed a separation in favor of the plaintiff herein. This being so, the foreign divorce postdates the decree of separation, and the latter cannot be said to have taken cognizance of the former. The facts established on this submission bring it within the ambit of Rosenbaum v. Rosenbaum (309 N. Y. 371) and the opinion of the Appellate Division in Long v. Long (281 App. Div. 254).
Accordingly, the motion is denied.