William R. Bbeuuau, Jr., J.
Motion (1) to strike from the complaint paragraphs 11 Tenth ’ ’ and ‘ ‘ Fourteenth ’ ’ as sham, and (2) for a dismissal of the complaint a's insufficient.
Briefly stated, the complaint reveals: that the parties have been married since August 4, 1940; that they entered an agreement of separation in August, 1958; that on April 20, 1960 the plaintiff was served with papers in an action for divorce commenced by the defendant in Mexico; that the defendant commenced the Mexican action to nullify the separation agreement; that a decree was entered in the State of Chihuahua, Republic of Mexico; that the defendant represented to the Mexican court that it had jurisdiction over the plaintiff herein; that the plaintiff did not appear in the action in Mexico; that neither of the parties was domiciled in Mexico; that the defendant since the Mexican decree claims to be divorced from the plaintiff and asserts that they are no long’er husband and wife; that it is essential for plaintiff’s marital status and in protection of her property rights that a judgment declaring the parties to be husband and wife be granted.
The defendant submits a copy of the decree in which the agreement of separation theretofore entered by the parties is expressly ratified and confirmed. It also appears from that decree that the plaintiff did not personally appear in the action or answer the complaint.
While the alleged decree of divorce, in ratifying the separation agreement, would seem to contradict certain portions of paragraph “ Tenth” of the complaint, it does not, in view of the August, 1960 expiration of the agreement, completely disprove the thrust of that paragraph, which is to the effect that the divorce was obtained to circumvent the law of New York and deprive the plaintiff of her rights under that law; and as paragraph “ Fourteenth ” of the complaint sets forth a question *507 of fact which is in no way contradicted by documentary evidence. Accordingly, the motion to strike is denied.
Insofar as a dismissal of the complaint is sought, the motion is also denied. The mere fact that a Mexican divorce was obtained would not entitle the plaintiff to a judgment of separation (Hersh v. Hersh, 5 A D 2d 874, affd. 5 N Y 2d 878).
The movant urges that on similar facts a declaratory judgment was refused in Krakower v. Krakower (264 App. Div. 912, affd. 291 N. Y. 604) on the ground that there was no necessity for the relief. “ The question of whether to assume jurisdiction in declaratory judgment actions should be decided at the threshold of the action and is properly determined on a motion to dismiss the complaint.” (MacCallum v. MacCallum, 2 A D 2d 193, 194.)
Here, it is true that the Mexican divorce is invalid and it is not entitled to the presumption of validity given to divorces obtained in a sister State (Rosenbaum v. Rosenbaum, 309 N. Y. 371) and it is also true that the complaint does not reveal any facts from which it may be held that any present property right of the plaintiff has been affected. But the courts have been more inclined toward the rendition of declaratory judgments of marital status since the decision in 1942 by the United States Supreme Court in Williams v. North Carolina (317 U. S. 287). In both Grutman v. Grutman (7 Misc 2d 236) and Martin v. Martin (131 N. Y. S. 2d 96) complaints for a declaratory judgment were sustained even though there was no greater proof of necessity for the determination than appears in the instant complaint. In the Rosenbaum case (supra) while the Appellate Division and the Court of Appeals differed on the issuance of an injunction, they agreed that an action for declaratory judgment would lie after a Mexican divorce was obtained. (See 285 App. Div. 427, 431, revd. 309 N. Y. 371, 377.) In Hersh v. Hersh (5 A D 2d 874, supra) it appears that a declaratory judgment was granted on similar facts by the Official Referee and no appeal was taken therefrom. Possibly because, as Mr. Justice Wenzel stated in his dissenting opinion (p. 875) respecting the separation action, ‘1 respondent was put to the necessity of bringing an action to have a Mexican divorce decree declared a nullity and to re-establish her status and rights as a wife.”
Accordingly, the motion to dismiss the complaint is denied.