BENJAMIN KRIEGER, Appellant, *v.* ETHEL KRIEGER et al., Respondents.

First Department, December 21, 1967.

44

*Samuel Lawrence Brennglass* of counsel (*Lawrence H. Levinson*, attorney), for appellant.

*Lloyd R. Forster* of counsel (*Sidney P. Young* with him on the brief; *Lindenbaum & Young*, attorneys), for respondents.

RABIN, J. The plaintiff brings this action for a declaration that he is the lawful husband of defendant, Ethel Krieger. He also seeks, among other things, a declaration that the divorce procured by the defendant, Ethel Krieger, from him in Dade County, Florida, on or about March 21, 1952, is invalid and, further, that the marriage of the defendants to each other in 1964 in New Jersey is also invalid. After a trial the complaint was dismissed and judgment rendered in favor of the defendants.

We hold that judgment should have been granted to the plaintiff, declaring the divorce invalid and that plaintiff is still the lawful husband of the defendant, Ethel Krieger.

The divorce was obtained in Florida. The plaintiff was not served with process within that State, nor did he appear personally or by attorney. Consequently, unless it is shown that the defendant, Ethel Krieger, obtained a bona fide domicile in

Florida, the divorce will not be recognized by this State. (*Matter of Lindgren,* 293 N. Y. 18.) The plaintiff claims that the defendant, Ethel Krieger, did not establish such bona fide domicile in Florida.

A divorce obtained in a foreign State will not be rendered infirm merely because the party went to that State for the express purpose of obtaining a divorce (see *Matter of Bingham,* 265 App. Div. 463). However, in order that such divorce be recognized by this State, there must be an accompanying intention to make the rendering State one's permanent abode. We conclude that the facts support plaintiff's contention that the defendant went to Florida with "no intention of making it [her] permanent abode or changing [her] domicile from New York State" to that of Florida. (*Rose* v. *Rose,* 277 App. Div. 1137.)

Before the defendant, Ethel Krieger, left for Florida, she lived in an apartment in Brooklyn, New York, with her three children. The apartment was in a three-family dwelling house which was owned by her father. The defendant, accompanied by her youngest child, left New York and arrived in Florida on or about October 31, 1951. Her two older children continued to reside in the Brooklyn apartment, presumably being cared for by her parents, who also had an apartment in that building. Before leaving for Florida she concededly told members of her family that she was going there to obtain a divorce. In Florida, she rented a furnished efficiency apartment for the period of November, 1951 through June, 1952, and she also, immediately, opened a bank account.

The divorce action was initiated in Florida by sworn complaint dated January 31, 1952 — which date complied almost exactly with the minimum residence requirement under the Florida law — that being 90 days. The final Florida divorce decree was granted on Friday, March 21, 1952. The following Monday, March 24, the defendant, Ethel Krieger, permanently closed the bank account, which she had opened on her first day in Florida. She left Florida just about two weeks later, returned to New York and immediately resumed her residence in her former apartment. She never went back to Florida to re-establish her residence there. She asserts that she failed to go back to Florida because subsequent to her return to New York she changed her mind about returning.

The explanations she offers to establish a change of mind — rather than a lack of an original intention to make Florida her permanent abode — are most unconvincing and we do not accept them as true. For example, she does not even attempt to explain

why she closed her bank account immediately after having obtained a final divorce decree. Such action tends to indicate that she never intended to remain in Florida, and completely refutes her assertion that she remained in New York as a result of a change in mind after she returned to that State. The only conclusion we can draw from the evidence is that when she left for Florida, she never intended to establish a bona fide domicile in that State. Her statements to the effect that she did so intend — and those statements are the only thing she offers to support such conclusion — are completely refuted by her actions, which were not those of a person who intended to establish a new domicile.

We do not overlook the fact that there is a presumption of validity to the judgment of divorce rendered in Florida, and that the burden of undermining the divorce decree of Florida rests upon the plaintiff here. However, concluding as we do that the record overwhelmingly supports a finding that the defendant, Ethel Krieger, never intended to establish a bona fide domicile in Florida, we hold that the burden has been met.

However, the defendants assert that the plaintiff is estopped from disputing the validity of the divorce because this attack is made approximately 12 years after he had knowledge of the divorce. The plaintiff offsets this claim, asserting that any action he would have brought before the defendant's remarriage would have been ineffectual. It is to be noted that the plaintiff did start this action shortly after the remarriage of the defendant, Ethel Krieger, to the defendant, Herbert Becker.

While there might be circumstances when a plea of estoppel could be a good defense to an action of this nature, nevertheless we must hold that the mere passage of time without more does not form a sufficient basis to support such a defense. (*Marsh* v. *Marsh,* 49 N. Y. S. 2d 759; cf. *Weiner* v. *Weiner,* 13 A D 2d 937.)

Moreover, it does not appear from the evidence developed at the trial that this plaintiff could have effectively brought any action to declare the divorce invalid prior to the wife's remarriage. We agree with the holding of *Borax* v. *Borax* (119 N. Y. S. 2d 819, 820 [STEUER, J.]) that "where no property rights are involved (as here) except the remote right of possible inheritance, an application to declare a foreign decree of divorce invalid will not be entertained * * *. An exception exists where there has been a remarriage and a holding out that the new contracting parties are actually married, which conduct involves a denial to the world of the continued validity of the prior marriage." The court in the *Borax* case,

relied upon the decision of *Krakower* v. *Krakower* (291 N. Y. 604) which held that where there was no remarriage, and where no property rights were involved, the court in the exercise of discretion should properly decline to give a declaratory judgment decreeing the foreign divorce invalid. The *Krakower* case indicates that it would have been futile for the plaintiff here to have sought a declaration prior to the wife's remarriage. Consequently, his failure to seek such a declaration of his rights prior to the remarriage could not possibly bar him from attacking the divorce and the defense of estoppel must fail.

The judgment entered January 18, 1967 should be reversed on the law and on the facts, without costs or disbursements. Findings of fact and conclusions of law of the trial court, inconsistent with this opinion, or implied herein, should be hereby reversed. Settle order.

TILZER, J. (dissenting). Where the truth hangs upon the credibility of parties concerning events some 15 years in the past, "the opportunity, the responsibility and the power to decide" the issue rest with the trial court and "his decision should be given the greatest weight" (*Amend* v. *Hurley*, 293 N. Y. 587, 594; *Smith* v. *Smith*, 273 N. Y. 380, 383; *Boyd* v. *Boyd*, 252 N. Y. 422, 429; *Barnet* v. *Cannizzaro*, 3 A D 2d 745, 747; *Long* v. *Long*, 281 App. Div. 254, 257). I conclude that the record supports the trial court's finding that the plaintiff failed to sustain the heavy burden of overthrowing the jurisdictional validity of defendant Ethel Becker's Florida divorce.

STEUER, J. P., McGIVERN and BASTOW, JJ., concur with RABIN, J.; TILZER, J., dissents in opinion.

Judgment reversed, on the law and on the facts, without costs or disbursements. Findings of fact and conclusions of law of the trial court, inconsistent with the opinion filed. herein, or implied therein, are reversed. Settle order on notice.