ALICE GARVIN, Appellant, *v.* GEORGE K. GARVIN et al., Respondents.

Argued October 5, 1953; decided December 3, 1953.

*Albert I. Edelman* for appellant. I. Plaintiff is entitled to a judgment declaring the invalidity of the foreign divorce decree. (*Lowe* v. *Lowe,* 265 N. Y. 197; *Somberg* v. *Somberg,* 263 N. Y. 1; *Baumann* v. *Baumann,* 250 N. Y. 382; *Greenberg* v. *Greenberg,* 218 App. Div. 104; *James* v. *Alderton Dock Yards,* 256 N. Y. 298.) II. There is necessity for a declaratory judgment on the merits to resolve plaintiff's status and to protect her rights as wife. (*Williams* v. *North Carolina,* 317 U. S. 287; *Garvin* v. *Garvin,* 302 N. Y. 96; *Pereira* v. *Pereira,* 272 App. Div. 281; *Williams* v. *North Carolina,* 325 U. S. 226; *Forster* v. *Forster,* 182 Misc. 382; *Esenwein* v. *Commonwealth,* 325 U. S. 279.) III. The decisions relied upon by Special Term are inapplicable or of doubtful validity. (*Hollister* v. *Hollister,* 288 N. Y. 528; *Goshin* v. *Goshin,* 279 App. Div. 668; *Goldstein* v. *Goldstein,* 283 N. Y. 146; *Reich* v. *Cochran,* 151 N. Y. 122; *Pray* v. *Hegeman,* 98 N. Y. 351.) IV. Plaintiff is entitled to a declaratory judgment settling her status as against defendant Mitchell. (*Baumann* v. *Baumann,* 250 N. Y. 382; *Lowe* v. *Lowe,* 265 N. Y. 197.)

*Eli H. Bronstein* for respondents. I. Special Term properly exercised its discretion in dismissing the amended complaint and denying a declaratory judgment. (*Hollister* v. *Hollister,* 261 App. Div. 693, 288 N. Y. 528; *Goshin* v. *Goshin,* 279 App. Div. 668; *Fischer* v. *Fischer,* 254 N. Y. 463; *Williams* v. *North Carolina,* 317 U. S. 287; *Williams* v. *North Carolina,* 325 U .S. 226; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304; *Pray* v. *Hegeman,* 98 N. Y. 351; *James* v. *Alderton Dock Yards,* 256 N. Y. 298; *Trustees of Columbia Univ.* v. *Kalvin,* 226 App. Div. 775; *Somberg* v. *Somberg,* 263 N. Y. 1.) II. The amended complaint fails to set forth a valid cause of action against respondent Mitchell. (*Baumann* v. *Baumann,* 250 N. Y. 382.)

LEWIS, Ch. J. This case is a sequel to prior adjudications in litigation (*Garvin* v. *Garvin,* 302 N. Y. 96) between the plaintiff and her husband who are parties to the present action. A brief preliminary reference to the prior litigation may clarify our problem.

The prior case, cited above, was an action by the present plaintiff for separation. During the pendency of that action an order was made enjoining the present defendant husband — until the entry of final judgment in the separation action —

from proceeding with the prosecution of an action for divorce which he had instituted against plaintiff in the Virgin Islands and from prosecuting elsewhere outside the State of New York any action affecting the marital status of the parties. In defiance of that injunctive order the defendant husband procured in a United States District Court of the Virgin Islands a decree of divorce from the plaintiff after which he returned to the United States, married the defendant Mitchell and has since lived with her as husband and wife in the city of New York.

The present action is by the plaintiff wife, her demand being a judgment declaring that she is the lawful wife of the defendant Garvin; that the Virgin Islands decree procured by the defendant husband is invalid, and that the alleged marriage between the two defendants is null and void. Neither of the defendants in the present action has interposed an answer but each has moved to dismiss the complaint.

At Special Term, in response to the defendants' motions, the plaintiff's amended complaint for a declaratory judgment was dismissed upon the ground that the judgment of separation is conclusive upon the plaintiff and the defendant husband that there is an existing valid marriage between them. At the Appellate Division the judgment at Special Term dismissing the complaint was affirmed, two Justices dissenting. From the judgment entered upon the order of the Appellate Division the plaintiff wife has appealed to this court as of right.

As the case comes to us on appeal from a judgment dismissing the complaint on motion by the defendants, we accept as true the material allegations of fact contained in the complaint and any reasonable inference that may be drawn therefrom (*Nevins, Inc., v. Kasmach,* 279 N. Y. 323, 325).

Applying that rule to the amended complaint in the present action, the following appears from allegations contained therein and from an affidavit served in support of defendants' motion to dismiss the complaint made upon the ground that there is an existing final judgment of the Supreme Court of New York rendered on the merits determining the same cause of action as stated in the amended complaint herein (Rules Civ. Prac.,

rule 107, subd. 4):

That plaintiff and the defendant Garvin were married on July 23, 1929, and ever since have been residents of the State of New York; that on October 19, 1949, plaintiff instituted against her husband — the present defendant Garvin — an action for separation; that in the separation action plaintiff's husband as defendant appeared generally, served a verified answer which admitted his marriage to the plaintiff and their residence in the State of New York, and consented to a decree of separation with reasonable provision for alimony; that in said separation action evidence was taken in open court and thereupon on June 13, 1951, the plaintiff was awarded a judgment of separation with incidental support and maintenance against the defendant who, it was adjudged, had abandoned the plaintiff; that in the meantime, while the marital domicile of the plaintiff and the defendant Garvin was in the State of New York, and while the separation action mentioned above was pending and undetermined, the defendant went to the Virgin Islands and, on May 27, 1950, procured in the United States District Court of the Virgin Islands a decree of divorce from the plaintiff in an action prosecuted in defiance of injunctive court orders made during the prosecution of the action of *Garvin* v. *Garvin* (*supra*); that the present plaintiff was not served personally in said divorce action within the jurisdiction of the Virgin Islands court and did not appear therein either personally or by attorney and never submitted herself to the jurisdiction of that court; that upon obtaining said decree of divorce — which he at no time interposed as a defense in his wife's separation action — the defendant Garvin left the Virgin Islands, returned to New York, and, on or about June 26, 1950, allegedly married the defendant Ruth Miller Mitchell in the State of Vermont; that after said alleged marriage the defendants returned to the State of New York where they have ever since resided as alleged husband and wife, and where they are holding themselves out as Mr. and Mrs. George K. Garvin.

Plaintiff's prayer for relief, in the form of a declaratory judgment, is addressed to the court's discretion, the statutory scope of which is broad: " If, in the opinion of the court, the parties should be left to relief by existing forms of actions, or for other reasons, it may decline to pronounce a declaratory

judgment, stating the grounds on which its discretion is so exercised'' (Rules Civ. Prac., rule 212; and see Civ. Prac. Act, § 473; *Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45, 50-51; *Woollard* v. *Schaffer Stores Co.*, 272 N. Y 304, 311-312). '' Where there is no necessity for resorting to the declaratory judgment it should not be employed.'' (*James* v. *Alderton Dock Yards*, 256 N. Y. 298, 305.)

In the circumstances disclosed by this record we cannot say that the following decision at Special Term, affirmed at the Appellate Division, was an abuse of the discretion reposed in those courts: '' A declaratory judgment is unnecessary. The judgment of separation is conclusive upon the plaintiff and the defendant husband that there is an existing valid marriage between them and that the Virgin Islands divorce decree is void [citing cases]. There is no cause of action against the defendant Mitchell.''

The primary fact to be established in *Garvin* v. *Garvin* (*supra*) — the separation brought by the present plaintiff against the present defendant Garvin — was the existence of a valid marriage between the parties (*Fischer* v. *Fischer*, 254 N. Y. 463, 466). It thus follows, as a matter of law, from the judgment rendered in plaintiff's favor on June 13, 1951, in that action — wherein the defendant husband had appeared and had consented to a judgment of separation — that on that date the present defendant Garvin was the plaintiff's husband.

We are thus led to conclude that in the present action a declaration of the marital status of the plaintiff and the defendant Garvin is unnecessary and, being so, the denial of a declaratory judgment to that effect was within the statutory discretion reposed in the courts below. (*Hollister* v. *Hollister*, 288 N. Y. 528; and see *Goshin* v. *Goshin*, 279 App. Div. 668.)

Likewise we conclude that the complaint herein does not state a cause of action against the defendant Mitchell (*Somberg* v. *Somberg*, 263 N. Y. 1, 4-5; *Baumann* v. *Baumann*, 250 N. Y. 382, 386-389).

The judgment should be affirmed, without costs.

CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur with LEWIS, Ch. J.; VAN VOORHIS, J., taking no part.

Judgment affirmed.