MICHELA M. CHERUBINO, Appellant, *v.* EDWARD CHERUBINO, Respondent.

First Department, October 26, 1954.

*Anna H. Zachs* for appellant.

*Jac M. Wolff* for respondent.

*Per Curiam.* Plaintiff wife appeals from the granting of an order amending a judgment of separation to provide that the judgment is without prejudice to the right of the defendant husband to bring an action for annulment of marriage. The order should be reversed and the motion denied.

An action for separation by the wife and an action by the husband for annulment had been consolidated. When the case was reached for trial, after a trial conference, proof was received in the action for separation and the annulment action was discontinued.

Proof in the present record shows that there was a conference between the husband's then lawyer and the trial court, and another between the husband and his lawyer in which the husband was advised by his lawyer that the annulment action would be discontinued, but without prejudice to the bringing of a new action. In the brief trial on the cause of action for separation, not contested by the husband, the husband's lawyer moved to discontinue the annulment action without prejudice. Nothing further was stated in the record with respect to the granting of that motion in those terms or to the reservation of the right to bringing the annulment action. Nor was any reference made thereto in the judgment granting the separation.

It is not possible to have a judgment of separation which would reserve the right to bring an action of annulment. That is because a judgment of separation is conclusive that there is a subsisting valid marriage. (*Garvin* v. *Garvin,* 306 N. Y. 118.) Moreover, on this record it is not clear that the wife or her attorney had expressly consented that there was to be any reservation of a right to institute a new annulment action, although it is admitted that they were advised of the intention to discontinue without prejudice the annulment action, and they remained silent when the motion was made to that effect. Even if they had consented, a judgment of separation and such a reservation may not coexist.

It may be, however, that the husband's action in not contesting the separation and in discontinuing the action for annulment involved innocent mistake or other reason which would require or permit, as the case may be, a reopening in the action of the judgment of separation. On that we cannot now pass. But it is only just that he be granted leave to make such application, as may be appropriate, to reopen, if he can establish the necessary facts, the judgment of separation heretofore granted, either under the original relief sought on the motion which resulted in the order appealed from, or by a new application, as he may be advised.

Accordingly, the order appealed from should be reversed and the motion denied, with costs to the appellant, and the matter remitted to the Special Term for the taking of such further pro-

ceedings in, the consolidated action as the defendant husband may be advised.  Settle order.

PECK, P. J., DORE, BREITEL, BASTOW and BOTEIN, JJ., concur.

Order unanimously reversed and the motion denied, with costs to the appellant, and the matter remitted to the Special Term for the taking of such further proceedings in the consolidated action as the defendant husband may be advised.  Settle order on notice.