Samuel H. Hofstadter, J.
An unusual situation is presented in this matrimonial litigation. The parties were married in the city of New York on December 5, 1950, some time after the arrival in this country of the wife, who was here on the basis of a temporary visa. A young son, the issue of this union, was born on September 29, 1951.
On May 28, 1952 the wife instituted an action in this court for a separation on the ground of cruelty and nonsupport. On June 24, 1952 the husband instituted in the Supreme Court, Kings County, an action to annul the marriage on the ground of fraud. The actions were consolidated into the action in this county in October, 1952 and on February 27, 1953, the consolidated action came on for trial at Special Term, Part VI. A conference took place between the husband’s attorney and the Trial Justice, following which there was a perfunctory trial of the separation action. • The wife testified that her husband had abandoned her without cause and the husband’s attorney thereupon said: “ No questions. I move to discontinue the annulment action without prejudice.” In answer to inquiry by the Trial Justice the husband’s attorney stated that he did not wish to *431 cross-examine and that the parties had agreed on $30 a week •for the support of the child and the mother. The court announced that judgment would he granted the plaintiff on the ground of abandonment and directed that findings of fact, conclusions of law and judgment be settled on notice and thus the brief trial ended.
Thereafter the findings of fact and conclusions and the judgment of separation were filed on March 12,1953. The judgment directed the husband to pay $15 a week for the support of the wife and a like sum for the support of the child. Neither the decision nor the judgment made any reference to the discontinuance of the annulment action.
In June, 1953 the husband by new attorneys commenced a second annulment action in Kings County predicated on the same ground as that alleged in the first action which had been discontinued. The wife’s answer in this second action interposed the March 12, 1953 judgment of separation as a bar. Thereupon the husband by notice of motion returnable on September 28,1953 moved to vacate the judgment of separation and the findings of fact and conclusions of law and the discontinuance of the annulment action, to restore the consolidated action to trial, and to stay all proceeding’s in the second annulment action in Kings County. By notice of amendment of the foregoing notice of motion the husband asked further that the judgment of separation be modified so as to provide that the discontinuance of the annulment action should be without prejudice to a new annulment action. This motion came before the Trial Justice, who granted it to the extent of allowing the requested modification of the judgment but denied it otherwise. An order was accordingly entered on October 22, 1953 which modified the judgment of separation by inserting therein a provision to the effect that the discontinuance of the annulment action on February 27, 1953 was declared to be without prejudice to the husband’s right to prosecute a new annulment action “ in the future, if so advised ” and that the judgment of separation should not be considered “ as a defense, bar or estoppel ” to the new action. The husband on the foregoing motion was not represented by the attorneys who brought the second annulment action for him, but by his present attorney.
The wife appealed from the order of October 22, 1953. Her appeal was not argued until September 14, 1954. The Appellate Division reversed the order by its decision of October 26, 1954. The opinion of the Appellate Division said: 4 c It is not possible to have a judgment of separation which would reserve the right *432 to bring an action of annulment. That is because a judgment of separation is conclusive that there is a subsisting valid marriage. (Garvin v. Garvin, 306 N. Y. 118.) Moreover, on this record it is not clear that the wife or her attorney had expressly consented that there was to be any reservation of a right to institute a new annulment action, although it is admitted that they were advised of the intention to discontinue without prejudice the annulment action, and they remained silent when a motion was made to that effect. Even if they had consented, a judgment of separation and such a reservation may not coexist.” (Cherubino v. Cherubino, 284 App. Div. 731, 732.)
Though the Appellate Division thus reversed the modification of the judgment because of the inherent inconsistency between an adjudication of a subsisting valid marriage which it necessarily implies and the reservation of a right to attack the validity of the marriage by a later annulment action, the court nevertheless recognized that the husband might have been misled in his course and hence be entitled to relief. The opinion continued: “ It may be, however, that the husband’s action in not contesting the separation and in discontinuing the action for annulment involved innocent mistake or other reason which would require or permit, as the case may be, a reopening in the action of the judgment of separation. On that we cannot now pass. But it is only just that he be granted leave to make such application, as may be appropriate, to reopen, if he can establish the necessary facts, the judgment of separation heretofore granted, either under the original relief soug’ht on the motion which resulted in the order appealed from, or by a new application, as he may be advised. ’ ’
The settled order of the Appellate Division filed November 4, 1954 accordingly remitted the matter to the Special Term “ for the taking of such further proceedings in the consolidated action as the defendant may be advised.”
By notice of motion dated January 3, served January 4, and returnable January 17, 1955, the husband moved for substantially the same relief as that sought by his motion of September 28, 1953 in its unamended form, i.e. to vacate the judgment of separation and discontinuance of the annulment action, to restore the consolidated action to trial and to stay the second Kings County action. On the return of this motion before me an affidavit was submitted by the wife’s attorney in which she informed the court that the wife had been committed to a State hospital because of her impaired mental condition; the wife’s attorney, therefore, requested a long *433 adjournment, but did not address herself to the merits of the motion and denied authority to take any stand on the application. In the circumstances, the court rendered a decision published in the New York Law Journal of January 25, 1955 (p. 7, col. 2), to the effect that it would appoint a guardian to protect the wife’s interests, to inquire fully into all the circumstances and report promptly to the court ‘ ‘ his recommendations with respect to this motion as well as the requested adjournment.” Though this decision in January, 1955 directed the settlement of an order for the appointment of a guardian, the husband delayed the presentation of a proposed order, until April 1956, with the result that the guardian was not appointed until May 9, 1956. During this interval proceedings for the wife’s deportation were pending and on October 25, 1955 she was in fact deported to Italy where she is now.
Though the order of May 9, 1956 inadvertently called the guardian a guardian ad litem his true function was not to act for the wife in a partisan sense as guardian ad litem, but rather to act for the court itself in making an independent investigation. He so informed the attorneys for the parties and thereafter under date of August 13, 1956, submitted a careful and comprehensive report in which he recommended that the relief asked in the husband’s motion of January 17, 1955 be granted and that the court appoint a guardian ad litem to represent the wife in the consolidated action. In contrast with the delay in presenting an order for the appointment of the guardian the husband moved immediately for the confirmation of the guardian’s report of August 13,1956. His notice of motion was dated and served August 17, 1956 and was returnable on August 30, 1956. It is this motion which is now before me for determination.
When served with the papers on this motion the attorney for the wife moved at once by order to show cause with a stay to be permitted to withdraw as the wife’s attorney. Her application to be relieved as attorney was referred to me and by decision of October 26, 1956, the motion for leave to withdraw as attorney was granted and a direction made that a true guardian ad litem to represent the wife be appointed. An order on this decision was entered on November 28, 1956, and the guardian ad litem therein appointed has now submitted a full and illuminating report dated June 4, 1957. This report recommends that the husband’s application be denied in all respects oy, if not, that it be not granted without a hearing at which the wife be present, and if then granted that the husband be *434 required to maintain her here and to meet other conditions stated in the report.
At the outset the court expresses its appreciation of the painstaking, conscientious and most efficient services performed both by Ho Orleans, Esq., the guardian, and Miss Shirley R. Levittan, the guardian ad litem. Their reports have been of great assistance to it in reaching its conclusions. The differences in the respective recommendations are entirely natural, in view of the many perplexing elements presented by the application. These divergent views have called for anxious reflection, the more so by reason of the wife’s plight.
The contentions bearing on the determination to be made of the pending applications are discussed so fully in the reports of the guardians, as well as in the brief of the husband, that there is no need to extend this opinion to undue length by setting them out here. An imponderable Avhich precludes relief to the husband at this time clearly emerges, however the record is regarded.
After her confinement to a State hospital in this State, the Avife was deported to her native land, Italy, Avhere, too, she needed hospitalization, at least for a time. Apparently she is now no longer in an institution and is improved; her precise condition is not clearly shown.
If the husband did not co-operate affirmatively with the immigration authorities in furthering the Avife’s deportation, certainly he Avas completely acquiescent; and he refrained from any steps to prevent, arrest, or delay the deportation. Though he was then pressing for an annulment of his marriage to her, he failed to complete the appointment of a guardian pursuant to this court’s memorandum decision of January 25,1955, until April, 1956. If he had been appointed sooner, such guardian might have taken active steps to prevent the deportation, either directly or through the court’s intervention — had it been advised of her plight. It was only after the deportation that the order for the guardian’s appointment was presented. This is a critical consideration — determinative of the present applications.
I disregard entirely the husband’s claim that he consented to what was done on February 27, 1953, under pressure of any kind or against his OAAm judgment or wishes. The words “ without prejudice ’ ’ placed on the record may, however, have had meaning or at least intention. The disposition by the Trial Justice of the husband’s motion of September 28, 1953, apparently prompted the Appellate DiAdsion to observe that the hus *435 band’s course on the trial may have involved innocent mistake, or other reason requiring or permitting the reopening of the judgment of separation. The recent decision of the Court of Appeals in Statter v. Statter (2 N Y 2d 668, revg. 2 A D 2d 81) was rendered after the ruling by the Appellate Division in this case.
The husband, however, cannot be granted relief at this time upon the present record because of the grave change in the wife’s situation which has occurred since the trial. At that time the wife was in court with an attorney of her own selection, able to face the charges against her in the annulment suit. Now she is in Italy pursuant to the deportation order and may still be afflicted with mental infirmity to some degree. Before relief may be accorded the husband he must do equity and place the wife in as favorable a position as she was in on February 27, 1953. For, it is unthinkable that the resultant of the grace which is sought for the husband in the exercise of the court’s discretion, be grave prejudice to the wife — namely, potential annulment of her marriage during her enforced absence.
The necessary steps must be taken to procure the wife’s return to New York for a sufficient period to enable her fully to protect her interests in the consolidated action. The expense of her trip, of her stay here and of her eventual return to Italy, should such return follow the determination of the action must, of course, be met by the husband. Adequate and effective provision for the foregoing must be assured. Self-evidently, too, the husband must pay all unpaid alimony. The allowances of the guardian will be fixed in the order hereon and the husband directed to pay the same.
The immediate motion of August 17, 1956, to confirm the guardian’s report, and the original motion of January 3, 1955, which was held in abeyance pending the guardian’s report, are accordingly denied; with leave to renew the latter motion after the wife is in New York, upon proof of compliance with the directions contained in the order hereon, provided such renewed application is made with reasonable despatch hereafter. If such renewed application is made with reasonable despatch hereafter, further directions may be made for the care or protection of the wife as the existing situation may then demand, and nothing herein is intended to foreclose further appropriate relief to her at that time.
Ilo Orleans, Esq. and Miss Shirley ft. Levittan are discharged as guardian and guardian ad litem, respectively, with the thanks of the court; and they are relieved from any further duties or obligations.
*436 Should the plaintiff husband appeal from the order to be entered hereon, he may apply either by way of amendment at the foot thereof for the designation of a new guardian ad litem to defend the appeal on behalf of the defendant wife, or he may make a separate and new application at Special Term, Part I, for the designation of such new guardian ad litem in that behalf, as he may be advised.
Settle order.