Louis J. Capozzoli, J.
Defendants move to dismiss the second amended complaint under rules 106 and 107 of the Rules of Civil Practice on the grounds that the complaint is insufficient in law and that an existing final judgment determines the causes of action.
The causes of action are for a declaratory judgment, adjudicating the marital status of the plaintiff and defendant, Pres-brey, and for an annulment of the marriage between the defendants. The pertinent facts show that plaintiff and defendant Presbrey were married in New York in 1930; that while an action for separation was pending, defendant Presbrey procured a divorce in Mexico on June 13, 1952, in which action plaintiff herein denies service of process on her or her appearance therein; on June 18, 1952 defendant Presbrey married Martha Rountree (defendant); on July 3, 1952 (after the Mexican divorce) a separation agreement was executed by the plaintiff and defendant Presbrey, following which a judgment of separation was entered on November 3, 1952 in the Supreme Court, New York County, New York, in favor of the plaintiff and against defendant Presbrey, which judgment incorporated the support clause of the separation agreement.
The present action was commenced by service of a summons and complaint in June, 1956, or about four years after the Mexican divorce and marriage of the defendants.
In Guibord v. Guibord (2 A D 2d 34), the court stated that there is no absolute right to a declaratory judgment and that *964 it may be refused where by loches, default or inequity the plaintiff has weakened his claim to relief. Furthermore, that where there is no necessity for resorting to the declaratory judgment, it should not be employed.
In Garvin v. Garvin (306 N. Y. 118, 122), a case analogous to the one at hand, the court held: “ The primary fact to be established in Garvin v. Garvin {supra) —the separation brought by the present plaintiff against the present defendant Garvin — was the existence of a valid marriage between the parties (Fischer v. Fischer, 254 N, Y. 463, 466). It thus follows, as a matter of law, from the judgment rendered in plaintiff’s favor on June 13, 1951, in that action — wherein the husband had appeared and consented to a judgment of separation — that on that date the present defendant Garvin was the plaintiff’s husband. We are thus led to conclude that in the present action a declaration of the marital status of the plaintiff and the defendant Garvin is unnecessary and being so, the denial of a declaratory judgment to that effect was within the statutory discretion reposed in the courts below.”
Applying the principle set forth above to this action and in the discretion of the court, the motion is granted (Garvin v. Garvin, supra; Somberg v. Somberg, 263 N. Y. 1). Complaint dismissed as to each cause of action against both defendants.