Frank H. Coyne, J.
This is a motion by defendants for an order dismissing the amended complaint upon the ground that it fails to state facts sufficient to constitute a cause of action. On such a motion the court must, of course, accept as true the material allegations of fact alleged in the complaint, together with any reasonable inferences that may be drawn therefrom. (Garvin v. Garvin, 306 N. Y. 118, 120; First Nat. Bank v. International Radiant Corp., 5 A D 2d 1043.) The court may not consider matters beyond the face of the complaint, except as the court may take judicial notice of them by common law or statute, and read them into the complaint. (St. Regis Tribe of Mohawk Indians v. State of New York, 5 N Y 2d 24, 36.) Possible defenses to the action are immaterial in determining whether the complaint states a good cause of action. (May v. Peekskill Military Academy, 1 A D 2d 960.)
From a reading of the complaint it appears that the cause of action against John J. Sheehy is predicated upon his unconditional guarantee of payment of bills for merchandise sold by plaintiff to F & S County Petroleum Products, Inc. Under such a guarantee, this defendant is not a primary or joint obligor. His liability is secondary and accrues upon the default of his principal. In paragraph “ 13 ” of the complaint it is alleged that F & S County Petroleum Products, Inc., the principal, is indebted to plaintiff to the extent of $20,498.47. It follows from such allegation, assumed to be true, that the liability of the guarantor, Sheehy, has accrued. Under such circumstances, plaintiff is a creditor of the defendant, Sheehy, within the purview of article 10 of the Debtor and Creditor Law, and has status to maintain the instant action.
*366 In determining the suEcieney of the present complaint the court has not, of course, considered the legal effect of the pending action entitled “ Metropolitan Petroleum Corp. v. P & S County Petroleum Products, Inc. and John J. Sheehy”, in which certain counterclaims, offsets and aErmative defenses are stated to have been set up. Seemingly, if the default of F & S County Petroleum Products, Inc. is not established in that action, or certainly if defendants succeed on the counterclaims, the relief sought against John J. Sheehy in the present action will fail. For this reason, it is advisable that the action on the debt and guarantee be first adjudicated. On its face, the complaint, here challenged, states facts suEcient to constitute a cause of action. Motion denied; with leave to serve an answer to the amended complaint within 10 days after service of a copy of the order entered hereon.
Settle order on notice.