Louis J. Friedman, J.
In an action for a declaratory judgment, defendant Erling Stange moves to dismiss the complaint pursuant to rule 107 of the Buies of Civil Practice, on the ground that there is an existing final judgment between the parties, determining the issues herein. Defendant Eyda Stange moves to dismiss the complaint on the ground that it fails to state a cause of action as to her.
*1029 From the papers before the court it appears that plaintiff and defendant, Erling Stange, were married on February 13, 1929; that on May 14, 1957, said defendant obtained a final decree of divorce against plaintiff in the State of Florida; that plaintiff was neither served nor appeared in said action; that on May 18, 1957, said defendant married the codefendant. Thereafter and on October 1, 1957, plaintiff herein instituted an action in this court against defendant Erling Stange for a separation. Issue was joined therein and on September 22, 1958, while said action was pending, plaintiff instituted an action for a declaratory judgment. When both said actions appeared on the calendar for trial, plaintiff discontinued the action for declaratory judgment and defendant Erling Stange withdrew his answer in the separation action. An inquest was thereupon taken, and a judgment of separation was granted to the plaintiff.
Thereafter and on March 31, 1959, plaintiff instituted the instant action for a declaratory judgment. After alleging her marriage to defendant Erling Stange and the subsequent Florida divorce and said defendant’s marriage to the codefendant, plaintiff’s complaint further states that as a result of the codefendants living together and holding themselves out as husband and wife, she will be subjected to ignominy and unpleasantness. Plaintiff seeks a declaration that (1) she is the lawful wife of defendant Erling Stange, (2) that the codefendants are not husband and wife, (3) that the Florida decree is invalid, and (4) such other and further relief and declaration of the rights and legal relation of the parties to the action as is necessary and proper.
An action for a declaratory judgment will not be entertained to serve a vain or useful purpose (James v. Alderton Dock Yards, 256 N. Y. 298, 305; Somberg v. Somberg, 263 N. Y. 1). The plaintiff having obtained a judgment of separation from defendant Erling Stange subsequent to the Florida decree of divorce, and said defendant not having interposed said decree as a defense in the separation action although he could have done so, the judgment of separation is conclusive on the parties as to the existence of the marital relation between them on the date when said judgment was rendered, and the invalidity of the Florida decree of divorce (Goshin v. Goshin, 279 App. Div. 668; Presbrey v. Presbrey, 6 A D 2d 477). The purpose of a declaratory judgment is to quiet or stabilize an uncertain or disputed jural relationship (James v. Alderton Dock Yards, supra) and this having been accomplished by the separation decree, there is nothing to be determined in this
*1030 action which has not been or could not have been determined by the judgment of separation (Metlis v. Metlis, 104 N. Y. S. 2d 407). There is therefore no necessity for resorting to declaratory judgment (Garvin v. Garvin, 306 N. Y. 118), since the status of the parties has already been declared by the separation decree. Nor does the complaint state a cause of action against the defendant Eyda Stange (see Garvin v. Garvin, supra). While it may be that the judgment of separation does not bind her in any way, it is apparent that there is no necessity for obtaining a declaratory judgment against said defendant. There are no legal or property rights to be determined as between the plaintiff and said defendant. There is no bona fide controversy between these parties. 1 ‘ The use of a declaratory judgment, while discretionary with the court, is nevertheless dependent upon facts and circumstances rendering it useful and necessary ” (James v. Alderton Dock Yards, 256 N. Y. 298, 305, supra). Therefore the action does not lie against defendant Eyda Stange (Krakawer v. Krakawer, 264 App. Div. 912). In fact, plaintiff would not even be entitled to injunctive relief against said defendant. As was said in Baumann v. Baumann (250 N. Y. 382, 386-387): “ It cannot be questioned that the conduct of the defendants is reprehensible. That it is illegal has been determined by the judgment herein. That it is socially and morally wrong may be conceded, and doubtless it is annoying and humiliating to the plaintiff. Those considerations alone do not, however, justify the granting of an injunction. Equity cannot by injunction restrain conduct which merely injures a person’s feelings and causes mental anguish.”
Accordingly, both motions contained in one notice of motion are in all respects granted and the complaint is dismissed.
Settle orders on notice.