Van Voorhis, J.
The action is for declaratory judgment determining that the defendants, Joseph Brill and Beverly Stiansen, are not husband and wife for the reason that Brill had been married to plaintiff and the Mexican decree of divorce between them alleged in the complaint is invalid. Judgment is asked annulling the subsequent marriage between Brill and Stiansen and directing that she be enjoined from using the name of Beverly Brill. Special Term granted a motion by defendants for summary judgment dismissing the complaint. The Appellate Division reversed, Stevens, J., dissenting, upon the sole ground that a defense is not made out by documentary evidence as required by subdivision 4 of rule 113 of the Rules of Civil Practice in order to obtain summary judgment.
We agree with the result reached by Special Term. Documentary evidence was furnished on which the summary judgment was founded. This is in the form of certificates by the Secretarios Del Juzgado of the First, Second and Third Civil Courts, Bravos District, Chihuahua, Mexico, duly authenticated by the Vice-Consul of the U. S. A., dated September 29, 1960, stating that they have searched the files of the court since the year 1954 but that no divorce action instituted by Joseph Brill against Ruby Brill has been registered. That is the court in which the Ninth paragraph of the complaint alleges that defendant Joseph Brill obtained the divorce against plaintiff which the complaint asks be adjudged to be invalid. The certificates of the Mexican court that no divorce proceedings have been entered in their records are adequate documentary evidence to satisfy the requirement of subdivision 4 of rule 113, and defendant Joseph Brill has interposed his affidavit that no divorce was ever obtained.
*311 That leaves the complaint with no more substance than an allegation that defendants are living in a meretricious relationship and that defendant Brill and Beverly Stiansen should be enjoined from holding Stiansen out as Brill’s wife. A judgment in a separation action was entered June 16, 1955 between plaintiff and defendant Brill, determining plaintiff to be his wife. That at least has been held to be enough to defeat an action for declaratory judgment, inasmuch as the fact of the marriage, essential to jurisdiction in a separation action, has already been judicially established (Garvin v. Garvin, 306 N. Y. 118), regardless of what basis plaintiff might have had to sue for declaratory judgment if an invalid foreign decree of divorce had been entered subsequent to the judgment in the separation action (cf. Presbrey v. Presbrey, 6 A D 2d 477). She is not entitled to that relief where the divorce decree alleged in the complaint was not obtained. There has been no matrimonial decree purporting to alter the matrimonial status of the parties since the separation judgment determined them to be husband and wife. That does not present a case for declaratory judgment.
The order appealed from should be reversed and the certified question answered in the affirmative.