In the Matter of the Claim of ANNE BEST, Respondent, v. L. J. F. CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of death benefits on the grounds that there is no substantial evidence to support the board's finding of causal relationship and that, in any event, claimant is not the lawful widow of the decedent. On December 24, 1956 decedent, while performing his duties as a cab driver, was involved in an automobile accident in which he was thrown against the steering wheel and toward the right side of the car. The next day he consulted his physician who diagnosed, among other injuries, an " acute left ventricular failure due to aggravation of pre-existing hypertensive cardiovascular disease." An examination of decedent on January 16, 1957 by the carrier's physician and by his own physician on the next day both revealed that decedent's heart had " compensated " and that no permanent disability or complications existed. On January 28, 1957 decedent passed away in his sleep from what was diagnosed as hypertensive cardiovascular disease. The issue of causal relationship evolved into the usual dispute among the medical witnesses, which is the pattern in cases such as this, especially where, as here, a pre-existing condition is also a contributing factor. While decedent's physician was " less than positive " as to the relation of the accident to decedent's death, he did have a " reasonably certain " belief that " the accident was a contributing cause to his death " and thus his testimony meets the test established in Matter of Ernest v. Boggs Lake Estates (12 N Y 2d 414). On the issue of whether claimant was decedent's lawful widow, the record reveals that after the death of his first wife decedent married one Mary Best. On June 12, 1950 decedent procured a divorce from Mary Best in the Chancery Court of White County, Arkansas, and on September 11 of the same year married claimant in Elkton, Maryland. One child was born of this marriage. Then on May 6, 1953 Mary Best was granted a divorce in the Supreme Court of the State of New York and subsequently remarried. Decedent was personally served in this proceeding but did not appear. The Federal Constitution requires the courts

of New York to give full faith and credit to the Arkansas decree (e.g., *Morris* v. *Jones*, 329 U. S. 545) unless the Arkansas court did not have jurisdiction to grant the divorce. (*Estin* v. *Estin*, 296 N. Y. 308, affd. 334 U. S. 541; *Chenu* v. *Board of Trustees*, 12 A D 2d 422.) One who attacks a decree collaterally, such as appellants seek to do here, must overcome the presumption that the decree is valid by extrinsic evidence (*Cook* v. *Cook*, 342 U. S. 126) of a cogent nature (see *Fox* v. *Fox*, 23 Misc 2d 504). All that the present record reveals on this question is the recital of the Arkansas decree that decedent had complied with the Arkansas residency requirements and that the Arkansas court had "jurisdiction of the parties." There is not one shred of evidence to the contrary. Appellants' position is that the Arkansas divorce secured by decedent was adjudicated to be invalid in Mary Best's divorce proceeding. In support of this contention they point to the following language contained in the decree: "There is no judgment or decree in any court of the State of competent jurisdiction against the plaintiff in favor of the defendant for a divorce on the ground of adultery, and there is no judgment or decree of absolute divorce between the parties hereunto rendered by any court having jurisdiction to grant the same, in any state, territory, or dependency of the United States or in any foreign country". We do not find this language conclusive as to this issue. While decedent was personally served, there is absolutely no proof that the New York court considered or was even aware of the Arkansas decree, much less that competent evidence was adduced to prove its invalidity. Cases such as *Garvin* v. *Garvin* (306 N. Y. 118) and *Goshin* v. *Goshin* (279 App. Div. 668) are inapposite here since there the defendants husbands appeared, as opposed to being merely served, without interposing their foreign divorces and were thus held to have waived the right to assert their validity. Here, decedent did not appear and cannot be deemed to have admitted the invalidity of his Arkansas decree. Further in each case cited by the appellants the invalidity of the prior divorce was established by competent evidence which has not been demonstrated to be the case here. In addition what appellants are really trying to accomplish here is to have decedent's marriage to claimant invalidated. Thus their burden is made even heavier by the presumption that such marriage is valid and, since issue was born of that union, the additional presumption of legitimacy (see, e.g., *Matter of Simpson*, 175 Misc. 718, 722, affd. 262 App. Div. 1001). The board on the instant record could find that appellants have not sustained the burden of proving that claimant was not decedent's lawful widow. Decision affirmed, with one bill of costs to claimant and the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.