■ FRANCES ACKERMAN, Respondent, v MARTIN S. ACKERMAN, Appellant.—Order, Supreme Court, New York County, entered July 12, 1977, granting plaintiff's motion to discontinue the action without prejudice, and denying defendant's cross motion to dismiss the action with prejudice, is unanimously affirmed, without costs, and without disbursements. Plaintiff, former wife, has brought three actions against defendant, former husband, arising out of claimed breaches of the separation agreement between them, which apparently survived the divorce. The first action was instituted in New York in 1975, by a motion for summary judgment in lieu of complaint under CPLR 3213. That motion was denied on June 25, 1975. The second

action was instituted in California on March 10, 1976, apparently by attachment. The third action was instituted in England on or about December 22, 1976. Plaintiff contends that these repeated actions were necessary because of difficulties in obtaining jurisdiction over defendant and locating his property. On February 14, 1977, the California action was apparently dismissed pursuant to requests for dismissal signed (in somewhat confusing form) by the attorneys for the parties. In the meantime, the New York action has been wholly inactive. It appearing that the pendency of the New York action was forming the basis of some argument by defendant's attorney in the English court, plaintiff moved to discontinue the New York action without prejudice, and defendant cross-moved to dismiss the New York action with prejudice. Special Term granted plaintiff's motion and denied defendant's motion. The chief ground relied upon by defendant is that the dismissal of the California action was "with prejudice" and therefore *res judicata,* requiring dismissal on the merits of the New York action (and presumably of the English action). We expressly refrain from passing upon the validity of this contention as we see no useful purpose in doing so. The *defense* of *res judicata* is only useful if the plaintiff sues the defendant and then only in the action which the plaintiff prosecutes. Plaintiff does not wish to pursue the New York action. It will be time enough to consider whether the California action would be *res judicata* of any future New York action, if and when plaintiff brings such a future action. It appears to us that the only use that the defendant can have of a determination from us that the California action is *res judicata* of any other action on the same claim is that defendant will then be able to argue in the English court that a New York court has said that the California action is a judgment on the merits. This is unnecessary. One judgment on the merits is all that is necessary to protect the parties' rights. (Cf. *Garvin v Garvin,* 306 NY 118, 122.) Whichever court plaintiff sues defendant in can and should decide whether the California judgment is a bar. We note that if we had to decide the question of whether the California action is a bar, we would have to inquire further to clarify what happened in California. The papers submitted to us with respect to the California dismissal consist of a printed form request signed by the wife's attorney for a dismissal of the "Entire action" "With prejudice," and another such printed form signed by the husband's attorney requesting a dismissal of "Cross-complaint only" "Without prejudice." Neither attorney apparently signed a consent to the other's request. The defendant's attorney's form contains a notation, signed by the clerk, "Dismissal entered as requested." Insofar as defendant's motion rests on grounds other than the binding effect of the California action, we do not think Special Term abused its discretion in granting plaintiff leave to discontinue without prejudice. Concur—Kupferman, J. P., Lupiano, Silverman and Lynch, JJ.